## RAUH v. RAUH.

No. 12700.

Court of Civil Appeals of Texas.

Galveston.

April 29, 1954.

Gerald S. Gordon, Houston, and J. C. McEvoy, Hempstead, for appellant.

C. W. Karisch, Hempstead, for appellee.

HAMBLEN, Chief Justice.

Appellant, as plaintiff in the trial court, instituted this suit against her husband seeking a divorce, custody of the minor child of the marriage, and provisions for the support of the child. Appellee answered, and filed a cross-action for divorce against appellant, and also sought custody of the child. After trial before the court without a jury, judgment was rendered, evidenced by a decree entered October 8, 1953, which granted appellant a divorce, awarded her custody of the minor child for nine months of the year, awarded appellee custody for three months of each year, made provisions for the support of the child, and provided visitation privileges to each parent during the period in which the other parent was granted custody. On November 5, 1953, the trial court entered an order vacating and setting aside the judgment of October 8, 1953, and rendered judgment which, after granting appellant a divorce as prayed for, awarded custody of the child to appellee, with instructions that the child be kept in the home of appellee's sister in Harris County, with rights of visitation granted to appellant. The November 5, 1953, judgment recites that the modification was made on the motion of the court and the motion of the defendant and cross-plaintiff (appellee). This appeal is only from that portion of the November 5, 1953, judgment which granted custody of the child to appellee in the manner stated.

Appellant presents two points of error. The first is addressed to the error of the trial court in failing to observe the paramount legal rights of the parents to the custody of the child as against all other persons unless each is legally unfit to have such custody, and the second asserts that the court abused its discretion in awarding custody of the minor to the paternal aunt with technical custody in the natural father. After careful consideration of the record presented, and the briefs of the parties, this Court is of the opinion that there is no merit in appellant's points, and that they must accordingly be overruled.

Because of the nature of the arguments made by appellant in support of her stated points, the following additional facts are essential to our discussion. The minor child is a girl who was three years of age at the time of trial. The evidence disclosed that appellant was by circumstances compelled to work to support herself. She was at that time employed as a waitress, in which capacity she earned $25 per week. Since she was unable during working hours to care for her child, she described to the court a plan which was then in operation, and which she proposed to continue, whereby for a fee of $15 per week, the child would be cared for during working hours in a nursery or kindergarten in the City of Houston. During non-working hours, appellant expressed an intention of personally taking care of her child in an apartment in Houston which she maintained at a rental of $11 per week. The trial court, in the decree of October 8, 1953, found that both plaintiff and defendant are suitable and proper persons to have the care and custody of the minor, and that it is most advantageous to the welfare of the minor that her custody be split between plaintiff and defendant. The court then entered the order which has been recited, and ordered appellee to contribute $17.50 per week to the support of the child. Thereafter appellee filed a motion for new trial and a motion to modify the judgment of October 8, 1953. A hearing was had at which were introduced letters written by appellant within a week after October 8, 1953, in which she disclosed that she had moved to Ft. Worth, Texas. At the conclusion of such hearing the court set aside the judgment of October 8, 1953, and rendered the judgment evidenced by the decree of November 5, 1953.

 . In her brief, appellant asserts that the trial court was without jurisdiction to modify the judgment rendered on October 8, 1953. We disagree with the proposition thus stated. The judgment of November 5, 1953, was admittedly rendered at the same term during which the trial was commenced and the decree of October 8, 1953 was entered. In Dazey v. Dazey, 265 S.

W.2d 166, this Court held, and cited numerous authorities in support of its holding, that during the term at which a judgment is rendered, the court ordinarily has plenary power over it, and may on its own motion or the motion of a party, vacate, modify, correct or reform it.

 Appellant next argues that she, as the mother of the child, was by law entitled to custody in view of the finding in the October 8th decree to the effect that both parents are suitable and proper persons to have the care and custody of the child. This argument is without merit for two reasons. The decree of November 5, 1953, both expressly and by operation of law effectually set aside the judgment of October 8, 1953. The October 8th decree thereafter had no effect whatsoever either as to the decision there evidenced or the findings made therein. Aside from that conclusion however, we are unable to agree that the finding, even if appellant could rely thereon, entitled her, as a matter of law, to custody. There is authority to the effect that where it appears to the court that the welfare of a minor child will be subserved equally well in the custody of either parent, the law favors the mother, particularly in the case of a child of tender years. However, a finding that both parents are suitable and proper custodians does not necessarily imply that the welfare of the child will be best subserved in the custody of the mother.

 Appellant further complains of the action of the trial court in hearing and considering the evidence offered upon the motion to modify the October 8th judgment, which evidence, she contends, resulted in the modification of which she complains. We think it unnecessary to cite authority for the proposition that at any time before a judgment becomes final, a trial court may hear and consider any additional evidence, provided it is heard in compliance with recognized rules of procedure and evidence. The record here discloses that at the hearing immediately prior to the entry of the November 5th decree, counsel for appellant were present in open

court and participated in the proceeding. It is true that appellant excepted to the introduction of the evidence upon the ground, among others, that she was not prepared to resist an action of that type. However, the bill states no reason as to why she was not prepared, and the record contains nothing from which it could be determined that the trial court abused its discretion in proceeding at that time. To the contrary, there appears to be a stipulation of counsel as to proper notice of the hearing.

 In the matter of the custody of a minor child, trial courts are properly accorded a wide discretion. They have before them in person, the parties and the witnesses. They are in a position to judge temperament, conduct, appearance, credibility, and many other characteristics of the litigants which are material to the difficult decision as to how the welfare of the child will be best subserved, and none of which appear in the transcription of the testimony which an appellate court must review. For that reason, the judgment of a trial court should be disturbed only when there appears a clear abuse of discretion. We have carefully examined the entire record in this case. There is evidence therein to the effect that appellant is a highly nervous person subject to frequent fits of temper, that she curses and uses abusive language, and physically mistreats the child without provocation. We have already alluded to her limited earning capacity, the economic necessity which compels her to retain steady employment, and the resultant necessity of leaving her child during working hours in a nursery or kindergarten. As opposed to this proof, the record contains a stipulation by counsel to the effect that the appellee is a hard-working, prosperous, loving father who treats his child with consideration, love and affection. There is also evidence as to the type of home maintained by appellee's sister wherein the court ordered the child to be kept which is of such nature as to amply support the conclusion that the best interest of the child would be subserved

under the order of the court entered on November 5, 1953. There is clearly no abuse of discretion, and the judgment is accordingly affirmed.

Affirmed.