**Dolores M. Hall LISKA et vir, Appellants,**

v.

**Jack A. HALL, Appellee.**

**No. 16002.**

Court of Civil Appeals of Texas.

Dallas.

May 4, 1962.

Rehearing Denied May 25, 1962.

Burt Barr and J. P. Moseley, Dallas, for appellants.

Leonard R. Winborn, Dallas, for appellee.

DIXON, Chief Justice.

Heretofore we dismissed this appeal because the Transcript of the Record did not contain a copy of the judgment from which the appeal had been taken. In connection with a motion for rehearing appellant with our leave has filed a Supplemental Transcript which brings forward a copy of the judgment. Therefore we have sustained the motion for rehearing, have set aside our judgment of dismissal and shall now proceed to consider the appeal on its merits.

On February 15, 1961 appellant, the mother of two children aged eight and ten years respectively, filed a motion to change the custody of the children from appellee, their father, to herself.

The parents were divorced September 28, 1956. Custody of the children was awarded to their mother. However, soon thereafter, by agreement, care and custody was transferred to the father. This change was later officially recognized when on April 17, 1957 a court order was entered giving to the father, appellee herein, care and custody.

At the time appellant voluntarily surrendered custody to appellee, she departed for Durant, Oklahoma to be married. This second marriage did not last. It ended in a divorce or an annulment. Subsequently appellant made a trip to Houston, Texas when she was considering marrying a Houston man. She did not marry him. In 1960 she married Frank L. Liska, her present husband.

Mr. & Mrs. Liska live in Ennis, Texas. Mr. Liska is a butcher. He operates his own meat market. He and Mrs. Liska rent the house in which they live.

Appellee has not remarried. He lives with his two children in a home which he owns. At times he has employed housekeepers. For some time immediately prior to the trial he had employed the services of a lady, Mrs. Ward, to come to his home to supervise the children after they return home from school. She leaves when appellee gets home from work. Appellee prepares breakfast for himself and the children and takes them to school. Most evenings he is at home, but on evenings when he is not at home he either hires a "baby sitter", or takes the children to the home of his parents, the paternal grandparents of the children. The paternal grandmother testified in this case. She loves the children and welcomes them in her home.

From time to time, since their mother married Frank L. Liska, the children have spent week ends with their mother in Ennis, Texas. The Liskas have a horse, chickens and other domestic animals. The children seem to enjoy their visits in Ennis.

It is conceded by all parties that the children are doing well in school. Their father takes them to Sunday School every Sunday. He does not stay for Sunday School but returns and attends church services. So far as the evidence shows the children are happy and well adjusted.

The trial court refused to change the custody of the children except to provide that they might visit their mother in Ennis each summer for a period not to exceed 45 days.

Appellants' seven points on appeal may be summarized as follows: (1) the undisputed evidence showed a change of conditions affecting the best interest of the children; the judgment is an abuse of discretion because (2) it is not supported by substantial evidence, (3) is contrary to the great weight and preponderance of the evidence; (4) it was error to divide the custody; and (5) it was error to award custody to the father, since the court found that the mother was a suitable person to have the children for four to six weeks each summer.

■■ It has often been stated that, other things being equal, when the mother is found to be a fit person it is the mother rather than the father who should have the care and custody of children of tender years. With this general rule we agree. But the circumstances of each case must be weighed carefully in determining whether the rule should control the court's decision. It is the best interest of the children, not the mother's interest, which must guide the court.

In this connection we must point out that the judgment here appealed from was not an original award of care and custody to the father. The care and custody of the children had already been awarded to the father in 1957 with the knowledge and con-

sent of the mother. The latter after five years is seeking to change the custody. In the judgment appealed from the court refused to change the custody from the father to the mother except for a visit not to exceed 45 days with the mother each summer. Our law takes into consideration the difference between an original award of custody and a change of custody.

This difference was one of the controlling factors in the decision of our Supreme Court in Taylor v. Meek, 154 Tex. 305, 276 S.W.2d 787, 790. There the contest for custody was between the grandparents and the father of a child. The Court was confronted with the general rule that the natural parent is ordinarily considered to have a prior claim to the care and custody of children over the claim of other persons, including grandparents. Nevertheless the Supreme Court affirmed a judgment awarding custody to the grandparents. We quote from the opinion:

"*In determining the question of the child's best interests, there is this difference between the first award of custody and a change of custody. Because a change of custody disrupts the child's living arrangements and the channels of a child's affection, a change should be ordered only when the trial court is convinced that the change is to be a positive improvement for the child.* \* \* \* The paramount right of a natural parent to a child comes from a legal presumption that to be raised by its natural parents is to the child's best interest. This presumption is based upon the natural affection usually flowing from parentage. \* \* \* Although this presumption should be considered by the trial judge in weighing the evidence, it cannot be controlling in the face of a final judgment to the contrary, and, whatever effect such a presumption may have in an original custody action, it cannot control a suit to change custody. \* \* \* In the case at bar, we hold that in determining the question of the best interests of the child the trial court did not abuse its discretion. \* \* \* *The plaintiff argues that there was evidence in the record sufficient to justify the trial court in awarding the child to its natural father. We agree, but the trial court did not make such an award, and neither we nor the Court of Civil Appeals has the power to substitute our judgment for that of the trial court in the absence of an abuse of discretion.*" (Emphasis ours.)

■ The principle above stated by our Supreme Court in a contest between parent and grandparents of a child must govern our decision in this contest between a mother and father. These children, so far as the evidence shows, have been in the past and are now being well taken care of by their father. Their physical, educational and spiritual welfare is receiving his careful attention. The children are happy and well adjusted to their present way of living. We cannot say that the trial judge abused his discretion in refusing to disrupt the satisfactory living arrangements to which the children have become accustomed over a period of five years.

■ As a general rule our courts do not favor divided custody of children. But we do not consider the divided custody in this case an abuse of discretion on the part of the trial court. There appears to be no friction between the parents in regard to week end visits of the children with their mother in Ennis, Texas. The children seem to enjoy these visits. This fact along with other circumstances doubtless led the trial court to decide that it would be well for the children to visit their mother each summer for a period not to exceed 45 days. We see no error in that decision.

Appellants' seven points on appeal are overruled.

Judgment of the trial court is affirmed.