**Donna Scrogum WALLACE et vir, Appellants,**

**v.**

**L. G. SCROGUM, Appellee.**

**No. 11114.**

Court of Civil Appeals of Texas.

Austin.

June 26, 1963.

Rehearing Denied July 17, 1963.

William C. McDonald, San Angelo, for appellants.

O'Neal Dendy, San Angelo, for appellee.

ARCHER, Chief Justice.

This is a child custody suit. The trial was before the court below without a jury, and judgment was rendered by the trial court on March 1st, 1963, awarding the custody of the three small children involved to appellee.

The appeal is predicated on two points, as follows:

"First Point: The error of the trial court in refusing to give full faith and credit to the judgment of the District Court of San Juan County, State of New Mexico.

"Second Point: The error of the trial court in awarding the custody of the three minor children to appellee, and in not awarding such custody to appellant Donna Scrogum Wallace."

The suit is a proceeding between the divorced parents of three children, two

boys, ages seven and five years and a girl, age two years, to determine custody of the children.

The principals in this cause have had an unhappy marital life and the children an unhappy life as a consequence.

The parents were first married on March 5, 1954, in Farmington, New Mexico. The parties were divorced on February 14, 1957.

Mrs. Scrogum came to Texas and remained until Mr. Scrogum came and they were remarried and returned to New Mexico in September 1958 and the third child was born there. The parties separated on January 10, 1962. Mr. Scrogum took all of the children and came to San Angelo, Texas. On January 11, 1962, appellant filed a suit for divorce in New Mexico.

On January 18, 1962, appellee obtained a temporary custody order for the children and a restraining order against appellant from removing the children.

On January 19, 1962, appellant took the oldest child and returned him to New Mexico. A hearing was had on January 26, 1962, and the custody and control of the children were awarded appellee, with limited visitation rights in appellant.

On February 19, 1962, appellant was granted a divorce in New Mexico and was awarded custody of the oldest boy then in New Mexico.

In April 1962, appellee went to Farmington, New Mexico, and without appellant's knowledge, returned the child to Texas.

On February 25, 1963, a trial on the custody case was had and by order dated March 1, 1963, the custody and control of all three children were given to appellee and from this final judgment the appeal is made.

■ We recognize that the prime concern in custody cases is the welfare of the children. Furrer v. Furrer, Tex.Civ.App.,

267 S.W.2d 226; Rauh v. Rauh, Tex.Civ. App., 267 S.W.2d 584; Mumma v. Aguirre, Tex., 364 S.W.2d 220.

We have the question before us of the decree made by the District Court of a sister State in which the custody of one of the children, Louis G. Scrogum, was awarded to the mother and the propriety and effectiveness of an order by the Texas Court in awarding the custody of this child to its father.

We do not believe that the New Mexico Court would have entertained custody proceedings regarding the oldest boy had it been aware of the circumstances under which the boy was taken to New Mexico.

■ The mother, in removing the child, Louis G. Scrogum, from Texas after she had been restrained from doing so, was in contempt of the District Court in Tom Green County, Texas, and she cannot benefit as a result. See Meyer v. Meyer, Tex. Civ.App., 361 S.W.2d 935, er. dismd.

The testimony at the hearing from which this appeal is taken is lengthy and bizzare in many respects and we will not attempt to review it in detail but a serious question is presented as to the suitability of either parent to have care and custody of the children.

The Trial Court saw and heard the parties themselves as well as other witnesses and concluded that the best interest of the children was that they be placed in the custody of the father.

We believe the three children were properly domiciled in Tom Green County when the judgment below was rendered.

"Domicile" has been defined to mean a place where a person lives or has his home, true, fixed and permanent, his fixed habitation. 21 Tex.Jur.2d, Domicile, § 1, p. 61.

In 21 Tex.Jur.2d, p. 68 it is stated:

"A person who is under the power and authority of another possesses no right to choose a domicil. Thus a mi-

nor, because he is not sui juris, can neither select nor change his domicil. The domicil of a minor child is usually that of the father, and necessarily changes with any change of the father's domicil without regard to the actual facts as to residence of the child."

We appreciate the difficulty that a trial judge encounters in custody proceedings and that the trial judge generally is in a better position to determine what is for the best interest of the children, and absent a showing of an abuse of discretion an appellate court is reluctant to disturb the decision.

In the award in this case the trial judge did not fix reasonable visitation privileges, or times when the children could be with their mother and such should be done. The judgment, however, is affirmed.

Affirmed.