Donna Scrogum WALLACE et vir,
Petitioners,

v.

L. G. SCROGUM, Respondent.

No. A–9777.

Supreme Court of Texas.

Dec. 11, 1963.

William C. McDonald, San Angelo, for petitioners.

O'Neal Dendy, San Angelo, for respondent.

CALVERT, Chief Justice.

This is a child custody case involving the custody of the three children of respondent, L. G. Scrogum, and his former wife, Donna Scrogum Wallace. The trial court awarded custody of the three children to L. G. Scrogum. The Court of Civil Appeals has affirmed. 369 S.W.2d 531.

We affirm the judgment of the Court of Civil Appeals.

Writ of error was granted on petitioners' second point of error reading as follows: "The Court of Civil Appeals erred in holding that the trial court was correct in refusing to give full faith and credit to the prior judgment of the District Court of San Juan County, New Mexico." The judgment referred to is a judgment of the District Court of San Juan County, New Mexico, entered approximately a year before trial of this case, awarding custody of the oldest child to the mother upon an express finding that she was "a fit and capable mother." On the trial of this case L. G. Scrogum neither alleged nor sought to prove such changed conditions since the rendition of the New Mexico judgment as would require or authorize a change of custody of the child from its mother to its father.

In granting writ of error it was our tentative opinion that the point of error quoted above should be sustained. It now appears, however, that the question presented by the point of error was not preserved in the motion for rehearing in the Court of Civil Appeals; therefore, we have no jurisdiction to consider it. Rules 458 and 469, Texas Rules of Civil Procedure; East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613.

The application for writ of error contains only one other point of error. In it, petitioner, Mrs. Wallace, asserts an abuse of discretion by the trial court in not awarding custody of the three children to her. From the record before us we cannot say that the trial court abused its discretion in awarding custody of the three children to their father, respondent here. It follows that the judgment of the Court of Civil Appeals must be affirmed.

The judgment of the Court of Civil Appeals is affirmed.