Evelyn BURSON, a feme sole, Appellant,

v.

Thomas O. MONTGOMERY et ux., Appellees.

No. 14479.

Court of Civil Appeals of Texas.

Houston.

Jan. 28, 1965.

Bonham, Stanley & Campbell, Felix M. Stanley, Houston, for appellant.

Stein, Bennett & Shepley, Ralph O. Shepley, Houston, for appellees.

BELL, Chief Justice.

This is a child custody case. The trial court, basing its action on a jury verdict, entered judgment awarding custody of five year old Belinda Toro to appellees. Appellant is the maternal grandmother of the minor. Mr. and Mrs. Montgomery, the appellees, are persons who were keeping the child pursuant to the consent and permission of her father. The mother of the child is deceased.

The case is here without a statement of facts and any recital of fact is based on allegations in appellant's petition.

Appellant filed suit against William S. Toro, the child's father, and the appellees as defendants. She alleges that the mother, who was divorced from the father, had custody of the child by virtue of a court judgment, when she died in August, 1963. She then alleges that Belinda, after her mother's death, was removed to the home of appellees where she was at the time suit was filed. It was asserted that the father had failed and refused to assume responsibility to support or take care of the child, though the court had ordered him to provide support. It was alleged he was an unfit parent. It was further alleged he had permitted the appellees to have possession of the child and to carry on the responsibility of providing a home, care and support for the child. The appellees were strangers to the child prior to the mother's death. There was no family relation between the child and appellees. Plaintiff alleged she was denied any visitation with the child. It should be especially noted that at no place is there any pleading in any way attacking the fitness of appellees. The prayer is that appellant be given custody of the child subject to rights of visitation in the father.

The appellees and the father filed a joint answer. It consisted of a plea of res judicata, special exceptions, and a general denial. The prayer was that plaintiff take nothing and the defendants go hence with their costs. We need not notice in detail the plea of res judicata since it has no effect on this appeal. We note, however, that it was disposed of by the court apparently as a dilatory plea and was not involved in the trial before the jury. A plea of res judicata is not a dilatory plea but is one in bar and should be handled as such. The plea was overruled by the court.

On trial to a jury the court submitted three issues. The first one asked whether the father was an unfit person to have care, custody and control. The jury answered he was. The second issue asked if the best interest of the child would be served by having custody awarded to appellant. The jury answered it would not. The third issue asked if the best interest of the child would be served by awarding custody to appellees. The jury answered that it would.

Appellant objected to the submission of the third issue because there was no pleading by appellees asking that custody be awarded them. The position of appellant is that since Article 4639a, Vernon's Ann. Tex.St., gives the right of a jury trial and makes the jury determination on custody binding on the court, the Rules of Civil Procedure governing submission of issues to the jury govern as in any civil case. Rule 279, Texas Rules of Civil Procedure, of course, provides that a party who has pled only a general denial shall not be entitled to the affirmative submission of an issue of his own.

The appellees' position is that the District Court has always had broad powers to determine what is for the best interest of a child and that strict rules of pleading applicable in other actions are not applicable in child custody cases. They say the only real effect of Article 4639a, as amended, is to give right of trial by jury and to make the jury's determination as to what is for the best interest of the child binding on the court, if there is evidence to support it, whereas before the amendment a jury verdict was

purely advisory. Here the court's judgment followed the jury determination as to custody in compliance with Article 4639a.

 We are of the view that when a suit is filed seeking custody of a child, the issue is affirmatively raised as to which of the parties to the suit will, by being given custody of the child, best serve the interest and welfare of the child. The real party at interest in such a case is not one of the named plaintiffs or defendants but is the child. None of them have any property right in custody and none of them have a personal right to custody except as it is determined their custody will best serve the interest and welfare of the child. Probably it is more accurate to say that none of the named parties have any personal or property right to custody but that the child, a real though undesignated party to the suit, has the right to be given to the party to the suit who can best serve its interest and welfare. What a court or a jury is really deciding, once its jurisdiction is invoked, is the right of the child.

 We have found no case dealing with whether the amendment to Article 4639a giving the right of trial by jury and making the jury's finding binding on the court requires that there be affirmative pleading by a party specifically asking for custody. The statute itself purports to do nothing except to give the right of trial by jury and to make the jury's determination as to what will best serve the interest of the child binding on the court, if there is evidence of probative force to support the determination. While we have found no case directly in point, we are convinced that the decided cases establish the principles we have stated and as applied to the facts before us the issue was affirmatively raised as to who among the named parties to the suit could, as custodian, best serve the interest and welfare of the child. Being thus raised, the trial court correctly submitted Special Issue No. 3.

The cases we will now discuss show that the courts have not been strict in application of rules of pleading and procedure applicable to ordinary civil suits in child custody cases.

In the case of Legate v. Legate, 87 Tex. 248, 28 S.W. 281, the court had before it, among other things, the question as to whether a writ of habeas corpus merely raised the question of whether the child was illegally restrained or whether under an application for such a writ the court, having obtained jurisdiction, could determine who of the parties to the suit could as custodian best serve the interest of the child. It was urged that such a writ merely gave rise to the issue as to whether the child was illegally restrained and the issue as to who should be given custody by a determination of what was for the best interest and welfare of the child was not raised. The court held that the application for such a writ effectively invoked the jurisdiction of the court to determine who of the parties to the suit would as custodian best serve the interest and welfare of the child. The court in its opinion said:

"The writ of habeas corpus has long been resorted to as the proper proceeding in order to determine whether a minor is unlawfully restrained of his liberty; and when, by means of such writ, a minor of such tender years as to be lacking in discretion has been brought before the court, it has not only inquired into and relieved against the unlawful restraint, if any, but has, in addition, or perhaps as a necessary incident, determined to whom the custody of the minor rightfully belonged."

The court then proceeded to discuss the rights of persons to custody. In the particular case the parents were seeking to get the child from persons to whom they had surrendered it for adoption. The court held the issue involved was what would best serve the interest and welfare of the child and that even a parent had no property right

to custody though the court recognized the interest and welfare of the child would normally best be served by being in the custody of the parent. However, the real right to be determined was not that of the parties to the suit but the right of the child to be in the custody of such party as would best serve its interest and welfare. The court said:

"It (the law) does not, however, recognize in him (the parent) any property interest in his child, * * * The one most vitally interested, however, in its custody during the formative period of its character, is * * * —the child itself."

In the case of Green v. Green, Tex.Civ. App., 146 S.W. 567, writ dism., a mother sought a temporary injunction requiring her husband to return her daughter and that he be restrained from moving the boys out of Lubbock County. The petition did not ask for a divorce though it showed she intended to amend asking for divorce. The injunction was granted. The defendant contended the court had power to determine custody only in a divorce case or by way of a writ of habeas corpus. The court, in holding to the contrary, said:

"We think the case of Ex parte Reeves, 100 Tex. 617, 103 S.W. 478, ample authority for the proposition that a pleading, which shows upon its face that the welfare of a minor child requires that an order be made by a district court or a judge thereof, is amply sufficient to warrant the court or such judge in making such order as * * * may appear right and proper for the welfare of the child.

"While a minor child is not 'property' within the ordinary meaning of that term, nor is the right to its custody based upon any property right, its welfare has always been of such paramount importance, both to it and society, as to require at the hands of

some branch of government a supervisory control, * * * "

In the case of Williams v. Perry, Tex. Com.App., 58 S.W.2d 31, the Commission of Appeals had before it a case in which the father had applied for a writ of habeas corpus against the maternal grandmother to obtain custody of his children. The grandmother filed an answer. The father demurred to the answer because it showed the defendant relation to the child was only as grandmother and not as legal guardian, and also on the ground it failed to allege any legal right to possession by defendant by gift or consent, and that it failed to allege any disqualification in the father. The trial court overruled the demurrer and after hearing granted custody to the grandmother. The Court of Civil Appeals and the Commission of Appeals affirmed. The Commission of Appeals, in sustaining the trial court's action in overruling the demurrer, said:

"This is a habeas corpus proceeding conducted by a district judge * * * for the purpose of determining the care and custody of two children of tender years. In such a case, pleading is of little importance * * * In other words, the rule is that the powers of the judge are liberally construed * * * Under this rule, the district judge is not bound by any technical rules of pleading, but has a right to hear the full facts and act in the light thereof."

In the case of Tunnell v. Reeves, Tex. Com.App., 35 S.W.2d 707, the mother of a child applied for a writ of habeas corpus against Mr. and Mrs. Tunnell, her uncle and aunt, to recover her child. After hearing the trial court awarded custody to the Tunnells. The Court of Civil Appeals reversed and one ground of reversal was the absence of pleading by the Tunnells to put in issue the disqualification of the mother, Mrs. Reeves, for the proper discharge of her duties. The Commission of Appeals, in reversing the Court of Civil Appeals and

affirming the judgment of the trial court, said:

"As shown by the record this is a habeas corpus proceedings instituted by Mrs. Clara Reeves and husband against H. H. Tunnell and wife for the custody of her minor child. The paramount question for the trial judge to decide was: Under all circumstances how could the best interest of the child be promoted and protected?

" * * *

"It is true that a habeas corpus proceeding in this state is defined under established rules as a civil action. It is also true that the trial court is to pass upon the main question for decision as to what is the best interest of the child itself. It is a question of fact, and we think that all of the issues incident to and connected with this question are and should be subordinate. The decision of the court should be reached upon hearing of all the evidence tending to shed any light upon the question. In our judgment it is more a matter of evidence than a matter of pleading."

In the case of Knollhoff v. Norris, 152 Tex. 231, 256 S.W.2d 79, the Supreme Court of Texas had before it a case in which a mother had custody of a child as a result of a judgment rendered in a divorce suit. She died and the child was taken by the Knollhoffs to their home in Lamb County. Their relation to the child was not shown by the record, but they had possession of it. Of course, on the death of the mother the legal custody vested in the father. He filed an application for writ of habeas corpus in the district court of Pecos County to recover possession of the child. The Knollhoffs filed a plea of privilege to be sued in Lamb County. The court overruled the plea. On appeal the Court of Civil Appeals Justices were divided on the question of whether the proceeding was a civil suit involving custody. The Court of Civil

Appeals certified questions to the Supreme Court, 250 S.W.2d 434. The first was whether the habeas corpus proceeding raised the question between the parties of custody and possession so as to be a civil action within the meaning of the venue statutes. The second was whether the Knollhoffs under the proceeding initiated by an application for writ of habeas corpus were adverse parties. The Supreme Court answered both questions in the affirmative. The Court said in part:

"One cannot invoke the jurisdiction of the court to deal with the personal status or the person of a child and at the same time deny the power of the court, in that proceeding, to do with the child's person or his status whatever appears to the court to be for the best interest of the child. The petitioner having brought the child before the court could not by the nature of his pleading limit the constitutional jurisdiction of the court to deal in fullest measure with the child's person or status. In other words, the proceeding to obtain physical possession of the child automatically invoked the power of the court to adjudicate custody, and was, therefore, a suit involving custody as well as possession."

In holding the Knollhoffs were adverse parties, the court noticed the allegations of the father stating they had taken the child, had continued to hold possession and were refusing to deliver the child to him. The court said:

"This very recitation shows indisputably that Norris recognized that the Knollhoffs were denying his right to the possession or continued custody of the child *and were asserting an adverse right thereto. * * * He therefore knew that when so commanded the Knollhoffs would have the right to appear and contest his right to possession and continued custody of the child,* with the ancillary right to file whatever pleadings they deemed ap-

**822**

propriate, including the plea of privilege."

In the case of Finney v. Walker, Tex. Civ.App., 144 S.W. 679, no writ hist., a plea of privilege case growing out of an application for writ of habeas corpus by a father, the court said, in quoting from another case: "It is a civil action in which the only matter to be ascertained is, Who is entitled to the custody of the infant?"

■ We are not unaware that the cited cases were decided at a time when the judge and not the jury made the determination as to what was for the best interest of the child. However, the proceeding then was an equity proceeding and it remains so now modified to the extent that a jury determination of whose custody will best serve the interest and welfare of the child requiring the court to render judgment in conformity with the verdict if it is supported by evidence of probative force. The court now as then is exercising its equity jurisdiction.

We hold, therefore, when appellant sued for custody of Belinda and alleged that she was in possession of the appellees who were furnishing her care and support, and appellees filed a denial of appellant's asserted right of custody, the issue was affirmatively raised as to which of the parties to the suit would, as custodian, best serve the interest of the child. The parties to such a suit under such pleadings are each asserting not that he in his own right is entitled to custody, but rather that the child has a right to be in his custody because it will best serve the interest and welfare of the child.

■ The appellant has urged points of error that require an examination of a statement of facts. There is no statement of facts. In the absence of such, we cannot appraise them. We must presume there was sufficient evidence to support the answers of the jury.

The judgment of the trial court is affirmed.