**Faith Marilyn MABIE, Appellant,**

**v.**

**Paul David MABIE, Appellee.**

**No. 3999.**

Court of Civil Appeals of Texas.

Eastland.

Nov. 12, 1965.

Robert G. Coltzer, Galveston, for appellant.

T. W. Youngblood, Jr., Markwell, Stubbs, Decker, Dalehite & Youngblood, Galveston, for appellee.

GRISSOM, Chief Justice.

In a divorce case, Paul David Mabie was granted a divorce from his wife and custody of their three children. Mrs. Mabie has appealed from the custody award. Her first point is that, by giving physical possession of the children to the mother from

February 25, 1965, through June 15, 1965, and for two months each summer, the court, as a matter of law, has found that the mother is a fit and proper person to have their custody; that there was an adjudication of split custody and, since the mother was a fit person to have custody, the court abused its discretion in splitting custody. Appellant's second point is that, the court abused its discretion in awarding custody to the father.

Appellee's answer to said points are that awarding custody to the father and providing the visitation rights of the mother was not splitting custody and that the court having expressly found that the mother was not fit to have custody there can be no presumed finding of her fitness and that the court did not abuse its discretion in awarding custody to the father.

The court awarded the care, custody and control of the children to their father. The judgment provided the mother should have the right of visitation two months each summer, commencing in 1966. The judgment did recite that the oldest child being then in school it was to its best interest that the mother should retain possession of the children until the end of school, on June 16, 1965, subject to the care, custody and control awarded the father.

The court found many acts of misconduct by the mother. It is not necessary to repeat them here. It concluded that appellant was not a fit person to have custody and that it was to the best interest of the children to award custody to their father, who was expressly found to be a fit and proper person. The specific findings of fact authorize, if they do not compel, said conclusion.

■ Appellee contends, and the record seems to support his contention, that there was not an award of split custody by leaving physical possession with the mother until the end of the 1965 school term, because such order was subject to the custody and control expressly awarded to the father and

that, otherwise, appellant was merely permitted to take physical possession of the children during her two months period of visitation each summer because the parents would not reside in the same community. The court made it clear that even during the time the children were physically with their mother the father was charged with their care, control and custody. In some cases where it has been held error for the court to divide custody such an award to the mother has been construed as implying her fitness for custody. There can be no such implied finding here in the face of express findings to the contrary. The award of custody of a six year old child to its father, subject to the mother's right to possession three months of each year, was held not reversible error under a similar fact situation in Fasken v. Fasken, Tex.Civ.App., 260 S.W. 698, 113 Tex. 464, 260 S.W. 701. It has been repeatedly held by the courts of Texas, including our Supreme Court, that the trial court has a wide discretion in awarding custody of children and that an award will not be reversed unless an abuse of discretion is clearly shown. See Ex parte Eaton, 151 Tex. 581, 252 S.W.2d 557, 560; Brillhart v. Brillhart, Tex.Civ.App., 176 S.W.2d 229, 231, (Writ Ref.); Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299, 304; Watts v. Rutledge, Tex.Civ.App., 211 S.W. 2d 995; Son v. McConnell, Tex.Civ.App., 228 S.W.2d 290; Valentine v. Valentine, Tex.Civ.App., 203 S.W.2d 693; Train v. Train, Tex.Civ.App., 209 S.W.2d 212; Wallace v. Scrogum, Tex.Civ.App., 369 S.W.2d 531, affirmed Tex., 372 S.W.2d 941.

■ Article 4639, Vernon's Ann.Civ.St., expressly provides that the court shall have the power in divorce suits to award custody of the children to either the father or mother as it shall deem right and proper. Realizing that it has been held that, ordinarily, split custody of small children should not be awarded, nevertheless, the award of custody here finds ample support in this unpleasant record.

We think reversible error in the admission of evidence is not shown. See Crawford v. Crawford, Tex.Civ.App., 256 S.W.2d 875; Williams v. Guynes, Tex.Civ.App., 97 S.W.2d 988; Welch v. Welch, Tex.Civ.App., 369 S.W.2d 434. After careful consideration of the record, we conclude that reversible error is not shown. The judgment is affirmed.