**Billie Ruth ERWIN, Appellant,**

v.

**Tommy ERWIN, Appellee.**

No. 881.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Jan. 16, 1974.

Gary Lerner, Kahn, Perel & Maierson, Houston, for appellant.

Jesse R. Funchess, Houston, for appellee.

COULSON, Justice.

This is a child custody case.

Appellee Tommy Erwin, petitioner below, was granted a divorce from appellant Billie Ruth Erwin. Mrs. Erwin appeals upon the ground that the trial judge abused his discretion in awarding custody of the two children of this marriage to their father.

Appellee filed for divorce on the ground of insupportability. He also petitioned the court to award him temporary custody of the children pending the divorce, which motion was granted after a hearing. In his order denying Mrs. Erwin's motion for rehearing on the temporary custody, the trial judge at the request of appellant also ordered that an investigative report concerning the proper custody of the children be made by the Juvenile Probation Department of Harris County, Texas. Appellant sent requests for admissions of fact to appellee. When these went unanswered, the trial judge ordered that each requested admission was deemed admitted. At the trial, the judge without a jury heard twelve witnesses, including Mr. and Mrs. Erwin. The children, daughter Felicia Aquanetta and son Derreck Sean, were ages six and five respectively at the time of trial. Appellee testified that he was a placement counselor with the Vocational Guidance Service, that Mrs. Erwin neglected the children, that she had threatened him with physical violence repeatedly, and that a niece of Mr. Erwin lived in his home and cared for the children. The niece, age 20, also testified. Mr. Erwin's supervisor and a hospital clerk testified. Mrs. Erwin and her witnesses testified to the effect that she was a dietary supervisor at a hospital, that she was a dutiful and loving mother, and that Mr. Erwin was an indifferent father. There was disputed testimony that appellee was a drug user and seller, and circumstantial evidence that he had carried on an extramarital affair, which appellee denied.

At the close of all of the testimony, the trial judge orally stated that he found both parents to be fit and proper persons to have custody, but that he would award the custody of the children to appellee. The divorce decree awarded custody to appellee with visitation rights to the mother of two weekends per month and two weeks each summer. Findings of fact and conclusions of law were filed, among them that Mr. Erwin was a fit and proper person to have custody and that the best interests of the children would be served by granting ap-

pellee custody. Appellee filed no brief on appeal.

The appellant contends that the trial judge abused his discretion in awarding custody to appellee in light of the requested admissions which were deemed admitted by the judge under Rule 169, Texas Rules of Civil Procedure. The requested admissions of fact concerned drinking, an extramarital affair, the use and sale of drugs, and other matters which, if true, would indeed make appellee an unfit person to have the custody of minor children.

The technical rules of civil procedure cannot apply with equal force in a child custody case as in other civil cases, because the sole determining factor in a child custody case must be the best interests of the child. In Davis v. Davis, 499 S.W.2d 922 (Tex.Civ.App.–Houston [14th Dist.] 1973, no writ), appellee failed to file a brief (as in the instant case), and this Court noted that Rule 419, Tex.R.Civ.P., permits a court of civil appeals to accept as correct any statement of fact by appellant in his brief when the appellee fails to file a brief. Nevertheless, this Court felt the invocation of Rule 419 would be particularly inappropriate in a child custody case. In Burson v. Montgomery, 386 S.W.2d 817 (Tex.Civ.App.–Houston 1965, no writ), the defendants in a custody suit filed only a general denial, which under Rule 279, Tex.R.Civ.P., did not entitle them to the affirmative submission of their special issue, which inquired whether the best interests of the child would be served by awarding custody to them. The court held that the submission was proper despite Rule 279, because in a custody case the real party at interest is the child rather than the named parties. In the case at bar, appellant's deemed admissions cannot

*per se* negative the trial judge's findings of fact that appellee was a fit person to have custody and that the best interests of the children would be served by awarding custody to their father. Deemed admissions under Rule 169 are therefore not of controlling effect in a child custody case when they conflict with an independent finding of fact as to a child's best interests.

Appellant's second argument is that the trial judge abused his discretion because the overwhelming weight and preponderance of the evidence showed that the best interests of the children were with their mother. The heart of this argument is that a presumption exists for an award of children of tender years to a mother unless she is found to be unfit.

As a general rule, a mother should be awarded the custody of children of tender years when she is found to be fit and all other factors are equal. Liska v. Hall, 357 S.W.2d 601 (Tex.Civ.App.–Dallas 1962, no writ). However, this general rule states no more than a preference for the mother and not a legal presumption. Lynch v. Wyatt, 191 S.W.2d 499 (Tex. Civ.App.–Texarkana 1945, no writ).[1] Rather than automatically apply a preference for the mother or determine what we would have done below, this Court must affirm unless it appears from a review of all the testimony, viewed as to the children's best interests, that the trial judge abused his discretion. Watts v. Watts, 390 S.W.2d 30 (Tex.Civ.App.–El Paso 1965, writ ref'd n.r.e.). The trial judge in a custody case is afforded a wide discretion and its abuse must be clear in order to warrant a reversal, for he alone is able to judge the credibility and temperament of the parents as well as other intangibles which do not appear in the state-

---

1. It should be noted that the current Family Code provides that the court in a custody proceeding shall view the qualifications of each parent "without regard to the sex of the parent," Tex.Fam.Code Ann. sec. 14.01(b) (Supp.1974), V.T.C.A., and thus effectively destroys the preference for the mother under consideration here.

ment of facts before an appellate court. Rauh v. Rauh, 267 S.W.2d 584 (Tex.Civ. App.–Galveston 1954, no writ).

■ The judge below was able to view all of these factors, and he also had before him the confidential report of the Juvenile Probation Department, which is not a part of the record. Appellant's counsel in oral argument before this Court pointed out that this report might be wholly composed of hearsay statements. However, a trial judge does not commit error by considering such a report in a custody case when the complaining party has consented to the reception and consideration of the report. Crawford v. Crawford, 256 S.W.2d 875 (Tex.Civ.App.–Amarillo 1952, no writ). After a review of the testimony in the record, it is clear that the trial judge did not abuse his discretion in finding that Mr. Erwin was a fit person for custody or in finding that the best interests of the children were with their father. An award of custody which contravenes the preference for the mother is not by itself an abuse of discretion. All that has been said above as to the wide discretion of the trial judge applies with equal force to Mrs. Erwin's argument that a double preference exists as to a child of tender years who is female, even if there were not a countervailing preference against the divided custody of siblings.

Appellant's third argument is that the trial judge erred in his award of all the household furniture to appellee, because Mr. Erwin himself testified that the one bedroom suite in the home was a gift to Mrs. Erwin. The conclusions of law state that both parties should be awarded their separate property and that appellee should be awarded the home and furniture, but no mention is made of the bedroom suite. The decree is reformed to include an award of the bedroom suite to Mrs. Erwin as part of her separate property.

Reformed and affirmed.