Betty Lynn STONE, Appellant,

v.

James C. STONE, Appellee.

No. 18707.

Court of Civil Appeals of Texas, Dallas.

Nov. 20, 1975.

Rehearing Denied Dec. 11, 1975.

William R. Eddleman, Carp & Eddleman, Dallas, for appellant.

Reagan M. Martin, Linda B. Thomas, Martin, Harrison & Withers, Dallas, for appellee.

AKIN, Justice.

This is an appeal from a decree of divorce rendered on February 21, 1975. Appellee husband filed a motion to dismiss this appeal for want of jurisdiction arguing that this decree is not a final judgment because it fails to determine the amount of child support to be awarded. We agree.

■ The decree dissolves the marriage, appoints a conservator of the minor children, fixes visitation rights, and disposes of community property. It contains provisions concerning child support but leaves blank the amount to be paid and the date for payment. We hold that this decree is not final, and thus not appealable.

■ Except in instances not applicable here, such as interlocutory orders concerning venue, temporary injunctions, and receiverships, an appeal may be prosecuted only from a final judgment. Tex.Rev.Civ. Stat.Ann. art. 2249 (Vernon 1971); *North East Independent School Dist. v. Aldridge*, 400 S.W.2d 893, 895 (Tex.1966). There may be only one final judgment in a cause. Tex. R.Civ.P. 301; *Thomas v. Shult*, 436 S.W.2d 194, 196 (Tex.Civ.App.—Houston [1st Dist.]

1968, no writ). To be a final judgment, the decree must dispose of all issues presented by the pleadings. *North East Independent School District v. Aldridge*, supra at 895–96. Since the question of child support was raised in the pleadings and the decree of February 21 did not dispose of this issue, this decree is interlocutory. *State v. Starley*, 413 S.W.2d 451, 458 (Tex.Civ.App.—Corpus Christi 1967, no writ). We cannot hold that the decree disposes of the child support issue by implication, since the blanks show that in this respect the decree is incomplete. Moreover, the trial court in entering this decree acted on a stipulation which recites that the parties would present evidence at a later date so that the court could determine child support. This stipulation further negates any contention that the claim for child support was denied by implication. *See Puente v. Mata*, 346 S.W.2d 643, 645 (Tex.Civ.App.—San Antonio 1961, writ ref'd n. r. e.).

■ Appellee suggests in his brief that an order rendered by the trial court of August 11, 1975, is the final judgment in this cause.[1] We cannot agree. That order determined *only* child support and did not incorporate the February 21 decree. Thus, although the trial court finally disposed of all of the issues, the record shows two interlocutory orders and no final judgment. *Thomas v. Shult, supra.*

Appeal dismissed.

---

1. No appeal was attempted from this order.