Beverly EVANS

v.

**TARRANT COUNTY CHILD WELFARE UNIT.**

No. 17882.

Court of Civil Appeals of Texas, Fort Worth.

April 15, 1977.

Rehearing Denied May 12, 1977.

Law Offices of Yarborough & Pope, Inc., and Frank H. Pope, Jr., Bedford, for appellant.

Tim C. Curry, Dist. Atty., and Robert J. Gieb, Asst. Dist. Atty., Fort Worth, for appellee.

## OPINION

HUGHES, Justice.

Tarrant County Child Welfare Unit (Welfare) filed suit on January 5, 1976, to terminate parental rights between Beverly A. Evans (mother) and Jerry A. Stetler (father) and their five minor children and, in the alternative, for managing conservatorship. An emergency order of trial court appointed Welfare the temporary managing conservator (T/M/C) of all five children and immediate protective custody of same. After trial, the judge (no jury involved) denied termination and ordered Welfare appointed T/M/C of all the children. The oldest girl, Jerianna, has since gone to live with father.

Mother appealed the judgment claiming the trial court erred as a matter of law in not returning custody to her after refusing to terminate her parental rights under Tex. Family Code Ann. §§ 15.05(c)(1) and (2) (1975). She also claims there was no evidence and insufficient evidence for the trial court to find that the best interests of the children would be served by appointing Welfare T/M/C. Also, mother claims Welfare's appointment to be against the great weight and preponderance of the believable evidence and that trial court abused its discretion in not returning the children to her custody.

We overrule all of mother's five points of error and affirm the judgment.

The part of the statement of facts relied upon by Welfare to justify its appointment as T/M/C reflects:

Mother's present husband, James Evans, pled guilty to a felony charge of indecent

exposure to Jerianna, age 15 years, and received an eight-year probated sentence;

Evans has a drinking problem (which he claims has abated since Dec. 1975);

Evans drew a firearm on mother;

Evans struck mother in front of her children;

Evans and mother are still living together and propose to take custody of the four younger children.

We find these facts sufficient to support the judgment of the trial court, particularly as we must examine these facts in the light most consistent with the findings of the trial court.

We find the refusal to terminate not to be a dismissal of the case, as contended by mother, particularly in view of the alternate pleading of Welfare. We find the trial court did not abuse its discretion in appointing Welfare T/M/C of the children. Tex.Family Code Ann. § 15.05(c). Also, "The technical rules of civil procedure cannot apply with equal force in a child custody case as in other civil cases, because the sole determining factor in a child custody case must be the best interests of the child." *Erwin v. Erwin,* 505 S.W.2d 370, 372 (Tex.Civ.App.—Houston (14th Dist.) 1974, no writ); *Burson v. Montgomery,* 386 S.W.2d 817 (Tex.Civ.App.—Houston 1965, no writ). "The trial judge in a custody case is afforded a wide discretion and its abuse must be clear in order to warrant a reversal, for he alone is able to judge the credibility and temperament of the parents as well as other intangibles which do not appear in the statement of facts before an appellate court. *Rauh v. Rauh,* 267 S.W.2d 584 (Tex.Civ.App.—Galveston 1954, no writ)"; *Erwin v. Erwin,* supra at 372–73; *Mumma v. Aquirre,* 364 S.W.2d 220 (Tex. 1963).

Even more to the point it has been specifically held, in a case where a mother managing conservator lost custody by jury verdict, that when a managing conservator's marriage places a child with a person who is not a suitable or proper step-parent it may amount to a material change of

conditions sufficient to change managing conservators. *Wallace v. Fitch,* 533 S.W.2d 164 (Tex.Civ.App.—Houston (1st Dist.) 1976, no writ). We agree; application of this rule in this case was not abuse of discretion by the trial court.

Affirmed.