James M. ALBRIGHT, Petitioner,

v.

CITY OF HOUSTON et al., Respondent.

No. C–2891.

Supreme Court of Texas.

June 13, 1984.

**488**

Williams, Birnberg & Andersen, Gerald M. Birnberg, Houston, for petitioner.

F.J. Coleman, City Atty., John R. Whittington, Asst. City Atty., Houston, for respondents.

PER CURIAM.

Petitioner, James Albright sought a writ of mandamus ordering the respondents to promote him to the position of deputy chief in the City of Houston police department. The trial court granted Albright's petition, finding that the promotion was denied for political reasons in violation of article 1269m. Tex.Rev.Civ.Stat.Ann. (Vernon Supp.1984). The court of appeals reversed and rendered judgment against Albright. 666 S.W.2d 279. Albright filed his application for writ of error in this court.

The record shows that, although he failed to submit a reply brief in the court of appeals, Albright's attorney did file a motion for rehearing. The motion presented several arguments but failed to set out points of error as required by the Texas Rules of Civil Procedure. Rule 469(e) states that all matters complained of in an application for writ of error in this court must be assigned as error in the motion for rehearing in the court of appeals. Rule 458(a) mandates that the points relied upon in the motion for rehearing shall be distinctly specified. Albright's motion complied with neither rule.

This court cannot consider points of error that were not assigned on rehearing in the court of appeals. *Smith v. Baldwin,* 611 S.W.2d 611, 618 (Tex.1980); *Wallace v. Scrogum,* 372 S.W.2d 941 (Tex.1963); *Fambrough v. Wagley,* 140 Tex. 577, 169 S.W.2d 478 (1943). Without considering the merits of the judgment of the court of appeals, we refuse Albright's application for writ of error with the notation "no reversible error."

KILGARLIN, J., not sitting.