**Sandra F. WHEELER, Appellant,**

v.

**Darrin Edward GREEN, Appellee.**

**No. 05–02–01749–CV.**

Court of Appeals of Texas,
Dallas.

Oct. 23, 2003.

Rehearing Overruled Nov. 26, 2003.

William C. Odeneal, Odeneal & Odeneal, Dallas, for Appellant.

Patrick T. Mulry, Jones & Davis, L.L.P., Addison, for Appellee.

Before Justices MORRIS, O'NEILL, and LANG.

## OPINION

Opinion By Justice MORRIS.

In this appeal, Sandra Wheeler contends the trial court erred in granting a summary judgment in favor of Darrin Green based on deemed admissions and in failing to grant her motion for new trial. Wheeler brings five points of error challenging both the trial court's holding that the admissions were deemed and the sufficiency of the admissions to support the summary judgment. Concluding Wheeler's arguments have no merit, we affirm the trial court's judgment.

### I.

This case began with a petition filed by Sandra Wheeler to establish the paternity of her daughter, D.A.G. The petition named Darrin Green as the father and requested that Green pay child support. The petition also requested that Wheeler be appointed as the sole managing conservator of D.A.G. On January 5, 2000 the trial court signed an order declaring Green to be D.A.G.'s father and appointing both Wheeler and Green as joint managing conservators of the child. Wheeler was named as the primary joint managing conservator. The trial court ordered Green to pay both retroactive and future child support.

Approximately six months later, Green filed a petition to modify the parent-child relationship. Green argued that Wheeler refused to provide him with information regarding D.A.G.'s medical care, including the name of her pediatrician and information about her respiratory condition. Green asked the court to order Wheeler to provide him with D.A.G.'s medical information including how to treat the child's condition. In response to the petition, the trial court signed an order stating that D.A.G. was to use a physician from the health plan provided by Green and Green was to attend an asthma management class and obtain D.A.G.'s prescription medication for her, if possible.

On July 30, 2001, Green filed a "motion for enforcement and order to appear" alleging that Wheeler had failed and refused to turn over possession of D.A.G. to him for visitation as required by the possession order. Also on July 30, Green filed a new petition to modify the parent-child relationship. In this petition Green requested that he be named sole managing conservator of D.A.G. Between the dates of September 10, 2001 and September 10, 2002, the trial court held Wheeler in contempt twice for failing to turn D.A.G. over to Green and signed two orders for issuance of writs of habeas corpus directing Wheeler to bring the child to court. The trial court also signed two orders for issuance of writs of attachment ordering the sheriff to take possession of D.A.G. and deliver her to Green.

On January 11, 2002, Green sent Wheeler written interrogatories along with requests for disclosure, admissions and the production of documents. These discovery documents were sent to Wheeler by certified mail, return receipt requested. The signed receipt shows the documents were received by Wheeler on January 19. Wheeler mailed her responses to the requests for admission on February 15.

On June 25, Green filed a motion for summary judgment based upon what he contended were Wheeler's deemed admissions. Green argued Wheeler admitted every element of his claims against her by failing to timely respond to the requests for admission and, therefore, he was entitled to judgment as a matter of law. Wheeler never filed a response to Green's motion.

The trial court granted Green's motion and signed a judgment finding that Wheel-

er failed to timely respond to Green's requests for admission and, as a result, all the facts set forth in the requests were deemed admitted. The trial court then recited the deemed admissions in the judgment as facts found by the court and granted Green sole managing conservatorship over D.A.G.

Wheeler filed a motion for new trial arguing that her responses to the requests for admission were timely because they were not due until February 19, 2002. Wheeler further contended that her failure to file a written response to Green's motion for summary judgment was not intentional or the result of conscious indifference but was a mistake due to her status as a pro se litigant. Finally, Wheeler argued there are "significant fact issues regarding the physical safety and well being of the child the subject of this suit ..." The trial court denied Wheeler's motion, and she brought this appeal.

## II.

■ As a preliminary matter, we address a motion to dismiss this appeal filed by Green. Green argues that the trial court's summary judgment is interlocutory because it does not assess the amount of child support to be paid by Wheeler. Specifically, the judgment states that "Sandra F. Wheeler is obligated to pay to Darrin Edward Green child support of $_____ per month...." According to Green, the blank space left by the trial court renders the judgment interlocutory because the amount of child support owed by Wheeler has yet to be determined. We disagree.

In *Stone v. Stone,* this Court held that a judgment leaving blank the amount of child support to be paid was not a final judgment subject to appeal. *See Stone v. Stone,* 531 S.W.2d 850, 851 (Tex.Civ.App.-Dallas 1975, no writ). We noted, however,

that the trial court left the amount blank based on a stipulation that the parties would present evidence relating to the amount of support needed at a later date. *Id.* Accordingly, *Stone* stands for the proposition that a judgment reserving an issue such as child support for future determination is interlocutory in nature. *See Ault v. Mulanax,* 724 S.W.2d 824, 830 (Tex.App.-Texarkana 1986, no writ).

There is nothing about the judgment in this case that indicates the trial court intended to reserve the issue of child support for determination at a later date. Indeed, the judgment concludes with the statement that "all relief requested in this case and not expressly granted is denied." This language leaves no doubt about the trial court's intention for the judgment to resolve all issues between the parties. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 206 (Tex.2001). Unlike *Stone,* the record here does not show that any further evidence was to be submitted on the child support issue. Based on the evidence already submitted, the court simply awarded no child support The trial court's judgment in this case is final, and Green's request to dismiss this appeal has no merit.

We turn now to the merits of Wheeler's appeal. In her first two points of error, Wheeler contends the trial court erred in granting the summary judgment and in denying her motion for new trial because she demonstrated that she timely responded to Green's requests for admission. Even assuming Wheeler preserved error with respect to her timeliness argument, we conclude her argument fails because her responses to the requests for admission were not timely.

■ Green provided summary judgment evidence, and Wheeler does not dispute, that he mailed Wheeler his requests for admission on January 11, 2002. There-

fore, pursuant to the Texas Rules of Civil Procedure, Wheeler's responses to the requests for admission were due 33 days later on February 13, 2002. *See* TEX.R. CIV. P. 198.2 & 21a. The postal receipt submitted by Wheeler shows she did not mail her responses to Green until February 15. Accordingly, Wheeler did not send her responses within the time allowed and Green's requests were automatically deemed admitted. *See id.* at 198.2(c).

Wheeler contends her responses were not due until February 21, 2002 because the evidence submitted in support of her motion for new trial shows that she did not receive the requests for admission until January 19. Wheeler's argument is not well taken. Rule 21a of the Texas Rules of Civil Procedure allows a party to move the trial court to extend the time allowed for responding to mailed documents when the party can show the documents were not received within three days of the date they were mailed. *See id.* at 21a. Wheeler never sought an extension from trial court, however. Nor did she present any evidence showing the delayed delivery of the requests before judgment was rendered against her. Because Wheeler did not seek and receive an extension on the deadline to file her responses pursuant to rule 21a, Wheeler's responses were untimely, and the admissions were automatically deemed.

Wheeler next argues that the rules of civil procedure should not be applied to her because this case concerns the custody of her child. Wheeler relies heavily on the case of *Erwin v. Erwin.* In *Erwin,* the trial court awarded custody of the minor children to the mother despite the fact that the mother had earlier failed to respond to requests for admission, and the requests had been deemed admitted. *See Erwin v. Erwin,* 505 S.W.2d 370, 371 (Tex. Civ.App.-Houston [14th Dist.] 1974, no

writ). At trial, the court heard evidence and found facts contrary to the deemed admissions. *Id.* at 372. On appeal, the court held that the technical rules of civil procedure did not apply with equal force in child custody cases because the determining factor was the best interests of the child. *Id.* The court went on to conclude that deemed admissions were not controlling in a child custody case when they conflict with an independent finding of fact by the trial court regarding the child's best interests. *Id.*

■ In this case, there are no independent findings of fact that conflict with the deemed admissions. Indeed, the findings of fact made by the trial court track the admissions in their entirety. Later cases that refer to *Erwin* cite it as support for the proposition that the trial judge in custody cases is given broad discretion to determine the best interests of the child. *See Evans v. Tarrant County Child Welfare Unit,* 550 S.W.2d 144, 145 (Tex.Civ. App.-Fort Worth 1977, no writ). But even in custody cases, a complete failure to follow the rules of pleading and practice cannot be ignored. *See Brown v. Brown,* 521 S.W.2d 730, 732 (Tex.Civ.App.-Houston [14th Dist.] 1975, no writ). Wheeler failed to timely respond to the requests for admission, failed to seek an extension of time to respond, failed to move the court to withdraw her deemed admissions, and failed to respond to Green's motion for summary judgment based on the admissions. Given Wheeler's failure to use any of the procedural tools available to her to challenge the admissions before judgment, we conclude the trial court did not abuse its discretion in granting Green summary judgment. We overrule Wheeler's first and second points of error.

■ In her fourth point of error, Wheeler contends the trial court erred in modifying the parent-child relationship because

the deemed admissions do not satisfy the requirements of section 156.101 of the Texas Family Code as a matter of law. We construe this point to challenge the legal sufficiency of the grounds for summary judgment and, therefore, Wheeler may present this argument despite her failure to respond to the summary judgment motion in the trial court. *See In re A.L.H.C.,* 49 S.W.3d 911, 915 (Tex.App.-Dallas 2001, pet. denied).

Under section 156.101 of the Texas Family Code, the trial court may modify the conservatorship or possession of a child only if the modification would be in the best interests of the child and one of three other conditions is met: (1) circumstances have materially and substantially changed since the date the prior order was rendered; (2) the child is at least 12 years of age and has asked in writing to reside with a different conservator; or (3) the conservator with whom the child has his primary residence voluntarily relinquished care and possession of the child to another person for at least six months. *See* Tex. Fam.Code Ann. § 156.101 (Vernon 2002). The only condition applicable to this case is the material and substantial change in circumstances.

The admissions that were later found as facts by the trial court stated that circumstances had materially and substantially changed because, among other things, Wheeler had shown an inability to confer with Green and inform him about D.A.G.'s health, education, and welfare. The court further found that Wheeler had demonstrated an inability to reach shared decisions with Green concerning the child's best interests and she did not accept or encourage a positive relationship between Green and their daughter. Wheeler argues these findings do not show changed circumstances as a matter of law absent some testimony or social study showing she was unable to correct these matters.

We first note that Wheeler admitted the above referenced conduct constituted a material and substantial change by virtue of her deemed admissions. *Cf. Casteel–Diebolt v. Diebolt,* 912 S.W.2d 302, 305 (Tex.App.-Houston [14th Dist.] 1995, no writ). In addition, the question of whether a material and substantial change of circumstances has occurred lies within the sound discretion of the trial court. *See Maixner v. Maixner,* 641 S.W.2d 374, 376 (Tex.App.-Dallas 1982, no writ). A court's determination of changed circumstances is not guided by rigid rules, but is fact-specific. *In re Z.B.P.,* 109 S.W.3d 772, 779 (Tex.App.-Fort Worth 2003, no pet. h.). Wheeler cites no authority for the proposition that the facts found by the trial court to support its finding of changed circumstances are insufficient as a matter of law and we have found none. We overrule Wheeler's fourth point of error.

In her third point of error, Wheeler contends the trial court erred in granting the summary judgment and denying her motion for new trial because the court had no social study or other testimony regarding the child's best interests. Wheeler's fifth point of error asserts that the trial court abused its discretion by failing to appoint a guardian ad litem to represent D.A.G.'s interests. Neither of these arguments were made in response to Green's motion for summary judgment or in Wheeler's motion for new trial. Accordingly, Wheeler has not preserved these issues for review. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). We overrule Wheeler's third and fifth points of error.

We affirm the trial court's judgment.