NO. 07-03-0107-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 29, 2003

_____


IN RE RONALD J. HETTLER, ROBIN HETTLER AND
CORNWALL PERSONAL INSURANCE AGENCY, INC.,
F/D/B/A HETTLER-BRENHOLTZ INSURANCE

_____


Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.


OPINION

In this original proceeding, relators Ronald J. Hettler, Robin Hettler and Cornwall Personal Insurance Agency, Inc. F/D/B/A Hettler-Brenholtz Insurance, seek a writ of mandamus compelling respondent, the Honorable Kelly G. Moore, Presiding Judge of the Ninth Administrative Judicial Region, to set a hearing on their motion to disqualify the Honorable Bradley S. Underwood, Judge of the 364th District Court of Lubbock County. We will dismiss relators' petition.

On March 22, 2002, pursuant to a jury verdict, Judge Underwood entered a final judgment for real party in interest William David Brenholtz, and against relators, in litigation that arose from the breakup of their insurance agency.

Relators filed petitions in bankruptcy, but the bankruptcy court later modified the stay afforded by 11 U.S.C. § 362 to permit relators to appeal the state court judgment to this court. Relators filed a notice of appeal on August 30, 2002. 11 U.S.C.A. § 362 (West 1993 & Supp. 2003).

Relators filed a pro se Motion for Disqualification of Judge in the 364th District Court on November 15, 2002, asserting for the first time that Judge Underwood was constitutionally disqualified to preside over the trial of the case. The merits of the motion will not be discussed here, as they are not relevant to the petition for writ of mandamus.

On December 11, 2002, Judge Underwood, by letter and signed order, requested Judge Moore, to hear, or assign a judge to hear, relators' Motion for Disqualification. On December 16, 2002, apparently unaware that Judge Underwood had taken that action, relators filed a first Petition for Writ of Mandamus with this court, requesting a writ issue ordering Judge Underwood to rule on the disqualification motion.

This court denied relators' first Petition for Writ of Mandamus on December 17, 2002, because of their failure to comply with requirements of Rule 52.3 of the Rules of Appellate Procedure. On that same date, Judge Moore, by letter, advised the parties that he would not conduct a hearing or rule on the motion because "[T]he case is now on

2

appeal. . ., and the issue of the trial judge's disqualification has been raised in the Court of Appeals."

Relators, still proceeding pro se, then filed with the trial court a document entitled "Defendant's Objection to Ruling By Presiding Judge and Motion to Set Hearing on Motion for Disqualification of Judge." Attached to the document was a certificate of service indicating that a copy was faxed to Judge Moore. The document requested that Judge Moore set a hearing on relators' motion to disqualify Judge Underwood.

Relators, now represented by counsel, have filed a second Petition in this court, complaining that Judge Moore has not complied with his administrative obligation under rule 18a of the Rules of Civil Procedure, and asking that we issue a writ of mandamus directing him to set and hold a hearing on the motion to disqualify Judge Underwood. Relators' appeal of the trial court's judgment also remains pending in this court.

This court's authority to grant original writs of mandamus is limited and defined in Government Code section 22.221.[1] That section authorizes a court of appeals to issue a writ of mandamus in two types of cases: (1) in any case when necessary to enforce its jurisdiction; and (2) in cases in which relief is sought against a judge of a district or county court in the court of appeals district; or a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court

---

[1]Tex. Gov't Code Ann. § 22.221 (Vernon Supp. 2003).

of appeals district.[2]  We have no authority to issue a writ of mandamus against an official not prescribed by statute. *See Casner v. Rosas*, 943 S.W.2d 937, 938 (Tex.App.–El Paso 1997, no writ); *State ex rel. Holmes v. Salinas*, 774 S.W.2d 421, 422 (Tex.App.--Houston [14th Dist.] 1989, orig. proceeding).

Based on our review of the petition and record, we find that issuing a writ in this case is not necessary to enforce our jurisdiction. Relators' petition seeks relief against a district judge in our court of appeals district; nevertheless, we conclude that we are without authority to grant the relief relators ask. When considering our writ jurisdiction, we must consider the capacity in which the respondent is functioning as well as the respondent's title. *See State ex. rel. Holmes*, 774 S.W.2d at 422-23. Relators seek relief against Judge Moore in his capacity as the presiding judge of an administrative judicial region, not simply in his capacity as a district judge.

A regional presiding judge is appointed by the governor with the advice and consent of the senate. Tex. Gov't Code Ann. § 74.005 (Vernon 1998). The qualifications and duties of a regional presiding judge are specified in the Government Code. Tex. Gov't Code Ann. §§ 74.045, 74.046 (Vernon 1998). They are distinct from those of a district judge, county judge, or magistrate. *See* Tex. Const. art. V §§ 7, 15; Tex. Crim. Proc. Code Ann. § 2.09 (Vernon Supp. 2003); Tex. Gov't Code Ann. § 24.001 (Vernon 1988), § 25.0004 (Vernon

---

[2]Tex. Code Crim. Proc. Ann. art. 52.01 (Vernon Supp. 2003).

Supp. 2003).[3] Just as it was necessary for the legislature in 1995 to give courts of appeals the specific power to issue writs of mandamus against district judges acting in the capacity of magistrate, we find that a specific grant of such authority would be required with respect to judges acting in the capacity of regional presiding judge.[4]

Concluding that we lack jurisdiction to consider a petition for writ of mandamus against Judge Moore in his capacity as regional presiding judge, we dismiss relators' petition, expressing no opinion on its merits.[5]

James T. Campbell
Justice

---

[3]*See also Werlein v. Calvert*, 460 S.W.2d 398 (Tex. 1970) (1965 constitutional amendment did not prohibit retired judge from serving beyond age 75 as presiding judge under predecessor statute; capacity of presiding judge referred to as "purely administrative").

[4]We note that the exercise of writ jurisdiction over regional presiding judges by courts of appeals could be problematic. A judge serving as presiding judge may be a district judge, but, under Government Code section 74.045, may be a retired appellate judge, who would not appear to be subject to writ jurisdiction under Government Code section 22.221. Tex. Gov't Code Ann. § 22.221 (Vernon Supp. 2003), § 74.045 (Vernon 1998). Too, the administrative judicial regions into which the state is divided under Government Code section 74.042 are not coincident with the court of appeals districts under Government Code section 22.201, giving rise to the possibility that the regional presiding judge might not be in the court of appeals district. Tex. Gov't Code Ann. § 22.201 (Vernon 1988), § 74.042 (Vernon Supp. 2003).

[5]Our opinion is limited to presiding judges of administrative judicial regions under Government Code section 74.042. The question of our writ authority over local administrative district judges or similar local judicial positions is not before us.

5