v04012memo


















NUMBER 13-04-012-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      

IN RE: ANTONIO TORRES
 

On Petition for Writ of Mandamus
                                                                                                                      

O P I N I O N

Before Justices Yañez, Rodriguez, and Garza
Opinion by Justice Yañez
 
          On February 3, 2004, this Court issued an opinion in this original proceeding
dismissing relator’s petition for writ of mandamus for want of jurisdiction. See In re Antonio
Torres, No. 13-04-00012-CV, 2004 Tex. App. LEXIS 1020 (Corpus Christi February 3,
2004, orig. proceeding). On February 9, 2004, the real party-in-interest, the State of
Texas, by and through its County and District Attorney, Yolanda de Leon, filed a motion for
rehearing, which we now grant. We also withdraw our February 3, 2004 opinion and
substitute the following opinion in its place. 
          On January 9, 2004, relator, Antonio Torres, filed a petition for writ of mandamus
in which he requested this Court to demand that the Respondent, the Honorable Darrell
Hester, presiding judge of the Fifth Administrative Judicial Region, Texas, first determine
the existence of a “need” to assign a judge from outside the Fifth Administrative Judicial
Region before assigning a judge from outside the region to hear relator’s case. Relator
also filed a motion for emergency relief requesting a stay of all proceedings in Cause No.
2003-CR-1335-D in the 103rd District Court of Cameron County, Texas. On January 9,
2004, this Court granted relator’s motion for emergency relief and stayed all proceedings
in Cause No. 2003-CR-1335-D.
          The real party-in-interest, the State of Texas, by and through its County and District 
Attorney, Yolanda de Leon, timely filed a response to relator’s petition for writ of
mandamus. The State also filed a motion for sanctions. Relator filed a reply to the State’s
response and also filed a motion for sanctions. 
          After reviewing the petition for writ of mandamus and documents on file, we hold
that we lack jurisdiction over relator’s petition. Accordingly, we dismiss relator’s petition for
want of jurisdiction. The stay granted on January 9, 2004 in Cause No. 2003-CR-1335-D
is hereby lifted.
Background
          Relator was indicted for three counts of bribery in Cause No. 2003-CR-1335-D in
the 103rd District Court of Cameron County. At relator’s request, the presiding judge of the
103rd, the Honorable Menton Murray, recused himself. See Tex. R. Civ. P. 18a(c)
(providing that a judge who recuses himself in response to recusal motion shall enter order
of recusal and request presiding judge of administrative judicial district to assign another
judge to sit in case); Arnold v. State, 853 S.W.2d 543, 544 (Tex. Crim. App. 1993) (holding
rule 18a applicable to criminal cases); In re K.E.M., 89 S.W.3d 814, 821 n.11 (Tex.
App.–Corpus Christi 2002, no pet.) (noting procedural requirements of rule 18a apply to
criminal cases). Thereafter, the case was referred to Judge Hester, presiding
administrative judge of the Fifth Administrative Judicial Region. Judge Hester requested 
the Honorable David Peeples, presiding judge of the Fourth Administrative Judicial Region,
to assign a judge to preside over relator’s case. Judge Peeples assigned the Honorable
Mark Luitjen of the 144th District Court to preside over the case. 
 Jurisdiction
          This Court has the obligation to determine, sua sponte, its jurisdiction in each case. 
Welder v. Fritz, 750 S.W.2d 930, 932 (Tex. App.–Corpus Christi 1988, no writ). All Texas
courts are courts of limited jurisdiction in the sense that each court has only such power
as the constitution and laws enacted thereunder give such court. Curry v. Wilson, 853
S.W.2d 40, 45 (Tex. Crim. App. 1993); Martin v. Victoria Indep. Sch. Dist., 972 S.W.2d
815, 817 (Tex. App.–Corpus Christi 1998, pet. denied). 
          Section 22.221 of the government code authorizes courts of appeals to issue writs
of mandamus or other writs necessary to enforce its jurisdiction, issue writs of mandamus
agreeable to principles of law regulating such writs against a judge of a district or county
court in the appellate court's district, and issue writs of habeas corpus in certain instances. 
See Tex. Gov’t Code Ann. § 22.221 (Vernon Supp. 2004); Fritz, 750 S.W.2d at 932. 
          Relator argues that this Court has jurisdiction to issue a writ of mandamus against
Judge Hester because a regional administrative judge is a “district judge” within the
meaning of section 22.221 of the government code and is therefore a person over whom
we may exercise mandamus jurisdiction. See Tex. Gov’t Code Ann. § 22.221 (Vernon
Supp. 2004).
          The State argues that this Court lacks jurisdiction to issue a writ of mandamus
against a regional administrative judge. In support of its position, the State cites In re
Hettler, 110 S.W.3d 152, 154 (Tex. App.–Amarillo 2003, orig. proceeding). In Hettler,
relators sought mandamus relief to compel the presiding administrative judge of the Ninth
Judicial District to comply with his obligation under rule 18a to hold a hearing on a motion
to disqualify a district judge. Id. at 153. The Hettler court held it had no jurisdiction to issue
a writ of mandamus against any official not prescribed by statute. Id. at 154. The court
reasoned that even though the judge was a “district judge” within its district, the court “must
consider the capacity in which the respondent is functioning as well as the respondent’s
title.” Id. The court noted that the relief sought was against the judge “in his capacity as
the presiding judge of an administrative judicial region, not simply in his capacity as a
district judge.” Id. 
          The Hettler court further noted that regional administrative judges are appointed by
the governor with the advice and consent of the senate and have different qualifications
and duties than district judges. Id. The court pointed out that prior to 1995, courts of
appeals had no jurisdiction to mandamus district judges acting as magistrates. Id.; see,
e.g., Tex. Dep’t of Transp. v. Marquez, 885 S.W.2d 456, 459 (Tex. App.–El Paso 1994,
orig. proceeding) (court of appeals lacked jurisdiction to issue writ of mandamus against
district judge acting in capacity of magistrate); State ex rel. Holmes v. Salinas, 774 S.W.2d
421, 422-23 (Tex. App.–Houston [14th Dist.] 1989, orig. proceeding) (court of appeals
lacked jurisdiction to issue writ of mandamus against district judge who was acting in
capacity as magistrate in holding examining trial). The Hettler court reasoned that “just as
it was necessary for the legislature in 1995 to give courts of appeals the specific power to
issue writs of mandamus against district judges acting in the capacity of magistrate, we find
that a specific grant of such authority would be required with respect to judges acting in the
capacity of regional presiding judge.” In re Hettler, 110 S.W.2d at 154. 
                                       Whether Mandamus is Appropriate 
          Writs of mandamus will only issue to correct a clear abuse of discretion or violation
of a duty imposed by law where there is no adequate remedy by appeal. Walker v. Packer,
827 S.W.2d 833, 839-41 (Tex. 1992) (orig. proceeding). A party seeking mandamus relief
must establish that he does not have an adequate remedy by appeal. In re Bay Area
Citizens Against Lawsuit Abuse, 982 S.W.2d 371, 375 (Tex. 1998) (orig. proceeding).
Mandamus will issue only when there is a legal duty to perform non-discretionary acts, a
demand for performance, and a refusal to perform. O'Connor v. First Court of Appeals,
837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). 
          In his petition, relator argues that section 74.056 of the government code


 requires
that a regional administrative judge must first determine that there is a “need” before
assigning a judge from outside the judicial district. Relator contends that assessing the
“need” is a ministerial function that Judge Hester failed to perform. Relator cites no
authority for his argument that Judge Hester had a ministerial duty to determine the need
before assigning a judge from outside the district. Also, the record before us contains no
evidence that the relator ever requested Judge Hester to assess such a need prior to
assigning a judge from outside the district and similarly, no evidence that Judge Hester
ever refused such a request. 
          In his reply to the State’s response (and in his reply to the State’s motion for
sanctions), relator states that the issue of whether a regional administrative judge is a
“district judge” within the meaning of government code section 22.221 is a “matter of first
impression.” He asserts that there is “no binding authority regarding the present
jurisdictional issue” from the Texas Supreme Court or this Court.


 In his reply to the State’s
motion for sanctions, relator states that this is an issue of statutory construction and
interpretation where “no legal precedent exists.” He argues his petition is not groundless
because of “such ambiguity as to the powers and duties of a Chief Administrative Regional
Judge.” 
Ministerial Duty
          “A writ of mandamus will issue to compel a public official to perform a ministerial
act.” Anderson v. Seven Points, 806 S.W.2d 791, 793 (Tex. 1991). “An act is ministerial
when the law clearly spells out the duty to be performed by the official with sufficient
certainty that nothing is left to the exercise of discretion.” Id. “Furthermore, a writ of
mandamus will not issue to compel a public official to perform an act which involves an
exercise of discretion.” Id. An act is not ministerial if it involves the exercise of discretion
or judgment in determining whether the duty exists. State Bar of Texas v. Heard, 603
S.W.2d 829, 832 (Tex. 1980). 
          If the basis of a writ of mandamus is the performance of a legal duty, mandamus
will not be granted unless the petition shows that the relator has a clear right to the
performance of the particular duty sought to be enforced. See Estrada v. Adame, 951
S.W.2d 165, 167 (Tex. App.–Corpus Christi 1997, no pet.) (citing Ramirez v. Flores, 505
S.W.2d 406, 411 (Tex. Civ. App.– San Antonio 1973, writ ref’d n.r.e.)). Mandamus may
not be used to establish or enforce an uncertain or disputed claim. City of Houston v.
Albright, 666 S.W.2d 279, 281 (Tex. App.–Houston [14th Dist.] 1984), writ ref’d n.r.e., 677
S.W.2d 487 (Tex. 1984) (per curiam). If the relator’s right is doubtful, it must first be
established in some other way than mandamus. Employees Ret. Sys. v. McDonald, 551
S.W.2d 534, 535 (Tex. Civ. App.– Austin 1977, writ ref’d).
          Here, we conclude that relator has admitted that he lacks a “clear right” to compel
Judge Hester to establish the existence of a “need” before assigning a judge outside the
district. By conceding that there is no “binding legal authority” on this issue and that there
is “ambiguity” as to the powers and duties of a regional administrative judge, relator has
admitted the absence of a “clear right” to the relief sought.
          We agree with the reasoning of our sister court of appeals in In re Hettler. See In
re Hettler, 110 S.W.3d at 154. We hold that we lack jurisdiction to consider relator’s
petition for writ of mandamus against Judge Hester in his capacity as regional presiding
judge. Accordingly, we dismiss relator’s petition for want of jurisdiction. The stay granted
on January 9, 2004 in Cause No. 2003-CR-1335-D is hereby lifted. We also deny both the
relator’s and the State’s motions for sanctions. 

                                                                                                                                                                                     LINDA REYNA YAÑEZ
                                                                           Justice


Opinion delivered and filed 
this 4th day of March, 2004.