NO. 07-06-0173-CV
NO. 07-06-0174-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 18, 2006

_____

IN RE ANN NELSON PARKER VALLADOLID, RELATOR

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Relator Ann Nelson Parker Valladolid seeks writs of mandamus to compel the Honorable Ron Enns, Judge of the 69th Judicial District, to either disqualify or recuse himself from presiding in the two underlying declaratory judgment and will construction actions commenced by real party in interest Greg Parker, relator's son. Relator also requests that we grant mandamus relief by vacating two orders signed by the Honorable Kelly Glen Moore in his capacity as Judge of the Ninth Judicial Administrative Region, denying her motions for disqualification and, alternatively, recusal of Judge Enns. We dismiss in part for want of jurisdiction the relief sought against Judge Moore and deny in all other respects the relief sought against Judge Enns.

## Factual Background

In 1986, while Judge Enns was in private practice, a member of his firm prepared mirror-image wills for Claude Nelson and Dorothy Nelson, relator's parents and Greg's grandparents. Claude predeceased Dorothy in 1993, and according to his will, he devised his real and personal property to Dorothy and Ann Nelson Parker as Co-Trustees in trust to be divided into two separate trusts, referred to as the "Marital Trust" and the "Residuary Trust." The limited mandamus records establish that Judge Enns witnessed the execution of Claude's will in 1986, but contain only an unsigned copy of Dorothy's 1986 will. There is no evidence in this record that Dorothy executed the 1986 will. The records do contain a will executed by Dorothy in 2002, which is similar to the copy of her 1986 will, but which names Greg, an attorney, as trustee of the residuary trust. Judge Enns did not witness and was not otherwise involved with Dorothy's 2002 will. Dorothy died in 2002.

No will contests are at issue, and both wills have been admitted to probate. In 2004, Greg filed a petition for distribution in his capacity as trustee of Dorothy's residuary trust. This sparked a controversy prompting him to file the two underlying proceedings pending in Judge Enns's court. Relator counterclaimed seeking, among other claims, declaratory relief regarding the residuary trust.

At a hearing on September 28, 2005, on a motion to disqualify Greg as opposing counsel and other matters, Judge Enns advised all counsel of his familiarity with Claude Nelson from his days in private practice. He also informed counsel he had attended school

2

with relator and coached Greg in little league. Judge Enns indicated he was "somewhat familiar with the folks." Following Judge Enns's remarks, relator's local counsel, George Whittenburg, remarked, "it does not create a problem for us."

Months later, on February 23, 2006, Whittenburg wrote Judge Enns a detailed letter notifying him that a recusal issue had come to his attention regarding Judge Enns's involvement as a witness to Claude's will. Relying on Rule 18b of the Texas Rules of Civil Procedure, by his letter, Whittenburg urged Judge Enns to recuse himself and to set aside all previously entered orders.[1]

After Judge Enns declined to recuse himself per the Whittenburg letter, on March 7, 2006, relator filed a verified Motion for Order of Disqualification and, Alternatively, Recusal which was forwarded to Judge Moore in his capacity as Presiding Judge of the Ninth Judicial Administrative Region. Following a telephone hearing, Judge Moore signed an order in each underling action denying the motion.

Relator's position in these mandamus proceedings are that Judge Enns's failure to disclose he was a member of the firm that drafted the Nelsons' wills and that he witnessed the execution of the wills required him to disqualify himself under article V, section 11 of the Texas Constitution and Rule 18b(1) of the Texas Rules of Civil Procedure or

---

[1]According to the documents before us, Judge Enns had heard and ruled on only a motion to disqualify Greg as opposing counsel. Relator contends Judge Enns *sua sponte* ruled on a Motion to Set Aside Mediation Agreement.

alternatively, recuse himself under Rule 18b(2). Presenting five issues alleging abuse of discretion by both Judge Enns and Judge Moore, relator requests we compel Judge Enns to remove himself from presiding in the underlying causes and that we vacate Judge Moore's orders denying her motion to disqualify or alternatively, recuse Judge Enns.

**Respondent Judge Moore**

This Court's authority to grant original writs of mandamus is limited. Under the Texas Government Code, a court of appeals has authority to issue writs of mandamus when necessary to enforce its jurisdiction or (1) against a judge of a district or county court in the court of appeals district or (2) a judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52 of the Texas Code of Criminal Procedure in the court of appeals district. *See* TEX. GOV'T CODE ANN. § 22.221(a) & (b) (Vernon 2004). Absent from that list is a judge in his capacity as presiding judge of an administrative judicial region. We have no authority to issue a writ of mandamus against an official not prescribed by statute. *See generally* Casner v. Rosas, 943 S.W.2d 937, 938 (Tex.App.–El Paso 1997, no writ) (denying leave to file a petition for writ of mandamus against a justice of the peace).

The records before us do not disclose a necessity for issuance of a writ of mandamus to enforce our jurisdiction. Relator seeks relief against Judge Moore not in his capacity as a District Judge, but in his capacity as the Presiding Judge of the Ninth Judicial Administrative Region. This Court has previously held we have no jurisdiction to issue a

4

writ of mandamus against the Honorable Kelly G. Moore in his capacity as a regional presiding judge. *See* In re Hettler, 110 S.W.3d 152, 154-55 (Tex.App.–Amarillo 2003, orig. proceeding). Thus, relator's request for mandamus relief against Judge Moore is dismissed for want of jurisdiction.

## Respondent Judge Enns

A writ of mandamus will only issue to correct a clear abuse of discretion or violation of a duty imposed by law when there is no adequate remedy by appeal, and the relator has the burden to present the appellate court with a record sufficient to establish the right to mandamus. Walker v. Packer, 827 S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding). In our analysis, we must "focus on the record that was before the court and whether the decision was not only arbitrary but also amounted to 'a clear and prejudicial error of law.'" In re Bristol-Myers Squibb Co., 975 S.W.2d 601, 605 (Tex. 1998) (orig. proceeding).

Article V, section 11 of the Texas Constitution provides in part:

[n]o judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case.

Rule 18b(1) of the Texas Rules of Civil Procedure was intended to expound the requirements for constitutional disqualifications. *See* In re O'Connor, 92 S.W.3d 446, 448-49 (Tex. 2002). *See also* Tesco American, Inc. v. Strong Industries, Inc., __S.W.3d __,

5

2006 WL 662740, *1-2, 49 Tex. Sup. Ct. J. 448 (Mar. 17, 2006). Subsection (a) of the rule provides for mandatory disqualification if the judge served as a lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter.

Rule 18b(2) provides the conditions under which recusal is mandatory. The procedure for pursuing either disqualification or recusal is set forth in Rule 18a. Subparagraph (a) requires a verified motion to be filed with the clerk of the court stating the grounds why the judge before whom the case is pending should not sit. Subparagraph (b) provides for service of copies of the motion on all other parties or their counsel on the day the motion is filed.

The records before us contain a letter dated February 23, 2006, from attorney George Whittenburg, by which he informally raised a recusal issue with Judge Enns. Disqualification, however, was not addressed in the letter. Whittenburg urged Judge Enns to recuse himself from presiding in the underlying actions due to his partnership while in private practice in the law firm that prepared the Nelsons' wills in 1986. Following receipt of the letter, Judge Enns advised all counsel by letter, that he was considering the matters submitted by the February 23 letter and also directed counsel to advise him on their positions regarding his former law partner as a material witness in the underlying proceedings. That same date, relator's Dallas counsel, James Jennings, wrote Judge

6

Enns expressing, among other concerns, his concurrence with Whittenburg that he should recuse himself. By footnote, Jennings added:

> We respectfully maintain that the Court should not in any sense "hear" the recusal issue. If the Court does not voluntarily recuse itself upon its own consideration of Mr. Whittenburg's letter, then [relator] will file a Motion for Recusal and, of course, the matter will be assigned to another Court for consideration . . . .

According to relator's petitions for writ of mandamus, Judge Enns did not act timely on the letters to voluntarily step down from the cases without formal motions.

The procedural requirements of Rule 18a are mandatory and a party who fails to comply with the rules waives the right to complain of a trial judge's refusal to recuse. *See* Wirtz v. Massachusetts Mut. Life Ins. Co., 898 S.W.2d 414, 422-23 (Tex.App.–Amarillo 1995, no writ). *See also* McElwee v. McElwee, 911 S.W.2d 182, 186 (Tex.App.–Houston [1st Dist.] 1995, writ denied). The records before us demonstrate that relator chose to pursue her request for Judge Enns's recusal by informal means, *i.e.*, letters from counsel, rather than by verified motions as required by Rule 18a.

Moreover, Rule 18a(f) of the Texas Rules of Civil Procedure provides that if a motion for either disqualification or recusal under Rule 18a is denied, it may be reviewed for abuse of discretion on appeal from a final judgment. *See* In re Union Pacific Resources Co., 969 S.W.2d 427, 428 (Tex. 1998). Mandamus is not an appropriate remedy if an adequate remedy by appeal exists. Hooks v. Fourth Court of Appeals, 808 S.W.2d 56, 59

7

(Tex. 1991). Thus, we have no choice but to deny relator's petitions for writ of mandamus sought against Judge Enns.

Accordingly, the petitions for writ of mandamus against the Honorable Kelly Glen Moore are dismissed for want of jurisdiction; in addition, the petitions for writ of mandamus against the Honorable Ron Enns are also denied. Further, the emergency stays granted by this Court in cause numbers 1114P and 4253H by orders of May 1, 2006, are hereby lifted.

Don H. Reavis
Justice

8