NO.
12-08-00025-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

IN RE: MICHAEL ANTHONY MOORE

AND MICHAEL JAMES
NEWSOME,       §          ORIGINAL PROCEEDING

RELATORS

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION 

            Michael
Anthony Moore and Michael James Newsome seek a writ of mandamus complaining of
the district clerk of Anderson County, Texas, the trial court, and a former
regional presiding judge.[1] 
We dismiss the petition for lack of jurisdiction in part and deny it in
part.

 

District
Clerk

            Moore and
Newsome complain that the district clerk has failed to issue service in a suit
they filed in Anderson County.  When the
issuance of citation is properly requested, the duty to issue citation rests
upon the district clerk.  See Tex. R. Civ. P. 99.  Service by registered or certified mail and
citation by publication must, if requested, be made by the clerk of the court
in which the case is pending. Tex. R.
Civ. P. 103.  However, we do not
have jurisdiction to issue a writ of mandamus against a district clerk unless
the writ is necessary to enforce this court's jurisdiction.  See
Tex. Gov't Code Ann. § 22.221 (Vernon 2004); In re Johnson,
12-06-00018-CV, 2006 WL 176927, at *1 (Tex. App.-Tyler Jan.25, 2006, orig.
proceeding) (mem. op.).  Moore and
Newsome allege that they have requested the district clerk to issue citation in
their lawsuit and serve as they have directed. 
But they have not alleged or demonstrated that a writ of mandamus
directed to the district clerk is necessary to enforce this court's
jurisdiction.  Therefore, we are without
jurisdiction to grant mandamus relief as to the district clerk.

Trial Court

            Moore and
Newsome next allege that they have filed motions in their lawsuit and the trial
court has failed to rule on the motions within a reasonable time.  Courts of appeals have the power to compel a
trial court to rule on pending motions.  In
re Ramirez, 994 S.W.2d 682, 684 (Tex. App.–San Antonio 1998, orig.
proceeding).  Before mandamus may issue
to require a trial court to rule on a motion, the relator must establish that
the court was asked to perform the act and failed or refused to do so within a
reasonable time.  See Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig.
proceeding).  

            Although
Moore and Newsome have alleged that they have called the motions to the trial
court’s attention, they have not furnished a record as required by Texas Rule
of Appellate Procedure 52.7 and therefore have provided no documentation
showing what motions they filed, when they filed them, or that they have called
the motions to the trial court’s attention. 
Nor can we determine that the trial court has had a reasonable time
within which to rule on any such motions, but has failed or refused to do so.
Therefore, we cannot conclude that Moore and Newsome have shown any abuse of
discretion by the trial court.  See In
re Villareal, 96 S.W.3d 708, 710 (Tex. App.–Amarillo 2003, orig.
proceeding).  

 

Regional
Presiding Judge

            Moore and
Newsome allege that they have filed a motion to recuse the respondent trial
judge and requested the presiding judge of the region to set a hearing on the
motion.  They further allege that no
hearing has been set and that a reasonable time has passed.  Because the named presiding judge no longer
serves in that capacity, we will construe Moore and Newsome’s complaint as
relating to his successor in office. 
This court may issue a writ of mandamus against a (1) judge of a
district or county court in the court of appeals district or (2) a judge of a
district court who is acting as a magistrate at a court of inquiry under
Chapter 52, Code of Criminal Procedure, in the court of appeals district.  Tex.
Gov’t Code Ann. § 22.221.  The
statute contains no specific grant of authority to the courts of appeals
permitting them to issue a writ of mandamus against a regional presiding
judge.  See id; see also
In re Hettler, 110 S.W.3d 152, 155 (Tex. App.–Amarillo 2003, orig.
proceeding [mand. denied]).  Therefore,
we are without jurisdiction to grant mandamus relief as to the presiding judge.

 

Disposition

            The portions
of Moore and Newsome’s petition seeking a writ of mandamus directed to the
district clerk and to the regional presiding judge are dismissed for want
of jurisdiction.  The portion
seeking a writ of mandamus directed to the trial court is denied.

 

 

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

 

 

Opinion delivered January 23,
2008.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

(PUBLISH)











[1] The
respondents are Janice Staples, Anderson County District Clerk; the Honorable
Bascom W. Bentley, III, Judge of the 369th Judicial District Court of Anderson
County; and the Honorable Pat McDowell, former presiding judge of the First
Administrative Judicial Region.