NO. 07-07-0431-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 27, 2009
______________________________

IN RE R. WAYNE JOHNSON, RELATOR
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Relator R. Wayne Johnson, acting pro se, filed a petition seeking relief by writ of
mandamus. We will deny his petition. 
Â Â Â Â Â Â Â Â Â Â According to his petition, relator seeks a writ of mandamus against the Honorable
John B. Board, judge of the 181st District Court of Potter County. The petition asserts that
Judge Board, in his capacity as local administrative judge,


 abused his discretion by
refusing to sign an order relator submitted that would have allowed him to file a civil suit. 
Â Â Â Â Â Â Â Â Â Â Relatorâs petition includes a copy of an order entered in June 2001 in the District
Court of Bee County, granting a motion to declare relator a vexatious litigant. The order
further prohibits relator from filing suit in Texas courts without permission of a local
administrative judge. See Tex. Civ. Prac. & Rem. Code Ann. Â§Â§ 11.051 (providing for
motions for determination that plaintiff is vexatious litigant), 11.101 (providing for pre-filing
orders) (Vernon 2002).


 See also In re Johnson,Â No. 07-06-0359-CV, 2006 WL 2919071
(Tex.App.âAmarillo October 12, 2006) (orig. proceeding) (recognizing relatorâs status as
vexatious litigant).
Â Â Â Â Â Â Â Â Â Â Courts will issue mandamus to correct a clear abuse of discretion or the violation
of a duty imposed by law when there is no other adequate remedy available by appeal. 
In re Prudential Ins. Co. of America, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig.
proceeding); Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994) (orig.
proceeding); Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). It is
the relator's burden to show entitlement to the relief being requested. See generally
Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).
Â Â Â Â Â Â Â Â Â Â To our knowledge, no court has found that a local administrative judgeâs denial of
permission to a vexatious litigant to file suit is reviewable by mandamus. See Tex. Civ.
Prac. & Rem. Code Ann. Â§ 11.102 (Vernon 2002) (providing for such permission). It is not
necessary for us to determine that question here, and we do not address it. Even
assuming mandamus to be available in a proper case, relatorâs petition does not
demonstrate his entitlement to mandamus relief.
Â 
Â Â Â Â Â Â Â Â Â Â By his petition, relator contends that Chapter 11 of the Civil Practice and Remedies
Code does not apply to him because the 2001 order of the Bee County District Court
declaring him a vexatious litigant is void. He points out the Attorney General of Texas was
a defendant in the Bee County case in which the order was entered, and asserts that the
Attorney General submitted the motion asking that he be declared a vexatious litigant. He
further cites section 402.021 of the Government Code, and points to its language that the
Attorney General shall prosecute and defend all actions in which the State is interested
before the Supreme Court and Courts of Appeals. Tex. Govât Code Ann. Â§ 402.021
(Vernon 2005). From this statute, relator reasons that the Attorney General had no
authority to appear in the Bee County District Court, and so had no authority to submit the
motion under section 11.051, rendering the District Courtâs order void. 
Â Â Â Â Â Â Â Â Â Â Relatorâs reasoning is faulty, for several reasons. We will mention three. First,
section 11.101 does not require that a party to litigation file a motion for the entry of a pre-filing order against a person determined to be a vexatious litigant. That section provides
a court may enter a pre-filing order on its own motion. Tex. Civ. Prac. & Rem. Code Ann.
Â§ 11.101 (Vernon 2002). Second, the Bee County District Courtâs pre-filing order reflects
the style of that litigation as âR. Wayne Johnson A.K.A. âLegal Eagle,â plaintiff v. John
Cornyn, Attorney General and Andy Taylor, defendants.â Nothing in relatorâs mandamus
petition demonstrates what claims he asserted against then-Attorney General Cornyn in
Bee County, or in which capacity the defendants were sued, so it is not clear that any
particular statutory authority was necessary for them to defend the action against them. 
Third, section 402.021 is not the only basis for the Attorney Generalâs representation of the
State in litigation. See Tex. Const. art. IV, Â§ 22. See also El Paso Elec. Co. v. Texas Dept.
Of Ins., 937 S.W.2d 432, 438-439 (Tex. 1996) (the legislature, pursuant to the authority
delegated to it under article IV, section 22, may empower the Attorney General to represent
the State in district court). For these reasons, and others not necessary to discuss, relatorâs
petition would not authorize issuance of a writ of mandamus, assuming mandamus to be
available.
Â Â Â Â Â Â Â Â Â Â Accordingly, relatorâs petition is denied.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â James T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice










ity="60" SemiHidden="false"
 UnhideWhenUsed="false" Name="Light Shading Accent 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00216-CV

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL B

Â 



JUNE
11, 2010

Â 



Â 

IN RE RICARDO GUTIERREZ



Â 



Â 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

Ricardo
Gutierrez has filed a Petition for Bill of ReviewÂ with this Court requesting
that we rescind the conditional grant of GutierrezÂs petition for writ of
mandamus issued in In re Gutierrez, No.
07-00-0482-CV, 2000 Tex.App. LEXIS
8429 (Tex.App.ÂAmarillo December 9, 2000, no pet.).Â  We dismiss for want of jurisdiction.

Â Â Â Â Â Â Â Â Â Â Â  In
his current petition, Gutierrez contends that this CourtÂs conditional grant of
mandamus in In re Gutierrez was
improper because the opinion relied upon a case that has subsequently been
declared invalid.[1]Â  Thus, according to Gutierrez, this Court was
without jurisdiction to conditionally grant the petition for writ of mandamus
that he filed on the basis of the Heath case upon which Gutierrez
relied.[2]Â  Gutierrez contends that this Court has
jurisdiction over his petition for bill of review because a bill of review is a
direct attack on a judgment and, therefore, a bill of review must be filed in
the court that rendered the judgment being challenged.Â  

Â Â Â Â Â Â Â Â Â Â Â  The
jurisdiction of all Texas courts is conferred solely by the Texas Constitution
and state statutes.Â  Chenault v. Phillips,
914 S.W.2d 140, 141 (Tex. 1996).Â 
A Texas court does not have jurisdiction to decide any case absent an
express constitutional or statutory grant.Â 
Id.Â  Courts of appeals have
appellate jurisdiction as specified in section 6 of the Texas Constitution,
together with such other original and appellate jurisdiction as may be
prescribed by law.Â  Tex. Const. art. V, Â§
6.Â  Gutierrez has not cited this
Court to any express constitutional or statutory grant of jurisdictional
authority over a petition for bill of review.Â 
Nor have we found any such grant of authority.Â  See Tex.
GovÂt Code
Ann. Â§Â§ 22.220 (Vernon Supp. 2009), 22.221
(Vernon 2004).Â 
Thus, having no authority to consider GutierrezÂs petition for bill of
review, we dismiss this petition for want of jurisdiction.

Â Â Â Â Â Â Â Â Â Â Â  To
the extent that Gutierrez is requesting mandamus relief by his petition for
bill of review, we would reiterate what we stated in In
re Gutierrez, No. 07-10-0048-CV, 2010 Tex.App.
LEXIS 1305, at *3 (Tex.App.ÂAmarillo February 24,
2010, no pet. h.),

However, it appears more likely that Gutierrez is requesting mandamus
relief. Â But, he is requesting this Court
issue a writ of mandamus against itself.Â 
This court's authority to grant writs of mandamus is limited.Â  A court of appeals is authorized to issue a
writ of mandamus: (1) in any case when necessary to enforce its jurisdiction;
and (2) in cases in which relief is sought against a judge of a district or
county court in the court of appeals district; or a judge of a district court
who is acting as a magistrate at a court of inquiry in the court of appeals
district.Â  In re Hettler,
110 S.W.3d 152, 154 (Tex.App.--Amarillo 2003, orig.
proceeding).Â  We have no authority to
issue a writ of mandamus against an official not prescribed by statute. See Casner v. Rosas,
943 S.W.2d 937, 938 (Tex.App.--El Paso 1997, no
writ).Â  The statute does not
authorize a court of appeals to issue a writ of mandamus against itself.

Â 

Â Â Â Â Â Â Â Â Â Â Â  For
the foregoing reasons, we conclude that we are without jurisdiction to grant Guterriez the relief sought by his ÂPetition for Bill of
ReviewÂ and, accordingly, dismiss the same for want of jurisdiction.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Mackey
K. Hancock

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice











[1] The case that
Gutierrez takes issue with, Heath v. State, 817 S.W.2d 335 (Tex.Crim.App. 1991), has been overruled by subsequent
decisions.Â  However, we note that Heath
was overruled by Ex parte Williams, 65 S.W.3d 656, 658 (Tex.Crim.App. 2001), which was decided nearly four months
after this Court conditionally granted GutierrezÂs petition for writ of
mandamus.Â  As an intermediate appellate
court, we are bound to follow the precedents of the Texas Supreme Court and
Texas Court of Criminal Appeals Âunless and untilÂ those courts overrule them
or the legislature supersedes them by statute.Â 
Petco Animal Supplies, Inc. v. Schuster, 144 S.W.3d 554, 565 (Tex.App.ÂAustin 2004, no pet.).Â  Thus, this CourtÂs opinion in In re Gutierrez properly relied upon the
binding precedent of the Texas Court of Criminal Appeals at the time that it
was decided and was not rendered invalid by the subsequent overruling of Heath.

Â 





[2] Because Gutierrez
requested the issuance of a writ of mandamus that was conditionally granted in In re Gutierrez, we note that his complaint
on the merits is barred by the doctrine of invited error.Â  The invited error doctrine applies to
situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal, or, as in the
present situation, by collateral attack on the requested ruling.Â  See In re Dep't of Family &
Protective Servs.,
273 S.W.3d 637, 646 (Tex. 2009); Tittizer
v. Union Gas Corp., 171 S. W.3d 857, 862 (Tex. 2005).