NO. 07-10-00216-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



JUNE
11, 2010

 



 

IN RE RICARDO GUTIERREZ



 



 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

Ricardo
Gutierrez has filed a “Petition for Bill of Review” with this Court requesting
that we rescind the conditional grant of Gutierrez’s petition for writ of
mandamus issued in In re Gutierrez, No.
07-00-0482-CV, 2000 Tex.App. LEXIS
8429 (Tex.App.—Amarillo December 9, 2000, no pet.).  We dismiss for want of jurisdiction.

            In
his current petition, Gutierrez contends that this Court’s conditional grant of
mandamus in In re Gutierrez was
improper because the opinion relied upon a case that has subsequently been
declared invalid.[1]  Thus, according to Gutierrez, this Court was
without jurisdiction to conditionally grant the petition for writ of mandamus
that he filed on the basis of the Heath case upon which Gutierrez
relied.[2]  Gutierrez contends that this Court has
jurisdiction over his petition for bill of review because a bill of review is a
direct attack on a judgment and, therefore, a bill of review must be filed in
the court that rendered the judgment being challenged.  

            The
jurisdiction of all Texas courts is conferred solely by the Texas Constitution
and state statutes.  Chenault v. Phillips,
914 S.W.2d 140, 141 (Tex. 1996). 
A Texas court does not have jurisdiction to decide any case absent an
express constitutional or statutory grant. 
Id.  Courts of appeals have
appellate jurisdiction as specified in section 6 of the Texas Constitution,
together with such other original and appellate jurisdiction as may be
prescribed by law.  Tex. Const. art. V, §
6.  Gutierrez has not cited this
Court to any express constitutional or statutory grant of jurisdictional
authority over a petition for bill of review. 
Nor have we found any such grant of authority.  See Tex.
Gov’t Code
Ann. §§ 22.220 (Vernon Supp. 2009), 22.221
(Vernon 2004). 
Thus, having no authority to consider Gutierrez’s petition for bill of
review, we dismiss this petition for want of jurisdiction.

            To
the extent that Gutierrez is requesting mandamus relief by his petition for
bill of review, we would reiterate what we stated in In
re Gutierrez, No. 07-10-0048-CV, 2010 Tex.App.
LEXIS 1305, at *3 (Tex.App.—Amarillo February 24,
2010, no pet. h.),

However, it appears more likely that Gutierrez is requesting mandamus
relief.  But, he is requesting this Court
issue a writ of mandamus against itself. 
This court's authority to grant writs of mandamus is limited.  A court of appeals is authorized to issue a
writ of mandamus: (1) in any case when necessary to enforce its jurisdiction;
and (2) in cases in which relief is sought against a judge of a district or
county court in the court of appeals district; or a judge of a district court
who is acting as a magistrate at a court of inquiry in the court of appeals
district.  In re Hettler,
110 S.W.3d 152, 154 (Tex.App.--Amarillo 2003, orig.
proceeding).  We have no authority to
issue a writ of mandamus against an official not prescribed by statute. See Casner v. Rosas,
943 S.W.2d 937, 938 (Tex.App.--El Paso 1997, no
writ).  The statute does not
authorize a court of appeals to issue a writ of mandamus against itself.

 

            For
the foregoing reasons, we conclude that we are without jurisdiction to grant Guterriez the relief sought by his “Petition for Bill of
Review” and, accordingly, dismiss the same for want of jurisdiction.

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice











[1] The case that
Gutierrez takes issue with, Heath v. State, 817 S.W.2d 335 (Tex.Crim.App. 1991), has been overruled by subsequent
decisions.  However, we note that Heath
was overruled by Ex parte Williams, 65 S.W.3d 656, 658 (Tex.Crim.App. 2001), which was decided nearly four months
after this Court conditionally granted Gutierrez’s petition for writ of
mandamus.  As an intermediate appellate
court, we are bound to follow the precedents of the Texas Supreme Court and
Texas Court of Criminal Appeals “unless and until” those courts overrule them
or the legislature supersedes them by statute. 
Petco Animal Supplies, Inc. v. Schuster, 144 S.W.3d 554, 565 (Tex.App.—Austin 2004, no pet.).  Thus, this Court’s opinion in In re Gutierrez properly relied upon the
binding precedent of the Texas Court of Criminal Appeals at the time that it
was decided and was not rendered invalid by the subsequent overruling of Heath.

 





[2] Because Gutierrez
requested the issuance of a writ of mandamus that was conditionally granted in In re Gutierrez, we note that his complaint
on the merits is barred by the doctrine of invited error.  The invited error doctrine applies to
situations where a party requests the court to make a specific ruling, then complains of that ruling on appeal, or, as in the
present situation, by collateral attack on the requested ruling.  See In re Dep't of Family &
Protective Servs.,
273 S.W.3d 637, 646 (Tex. 2009); Tittizer
v. Union Gas Corp., 171 S. W.3d 857, 862 (Tex. 2005).