

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00208-CV

IN RE RAYMOND KAUFFMAN, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

June 8, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is Raymond Kauffman's (relator) Petition for Writ of Mandamus. He requests that we "vacate the Trial Court's April 2, 2015 Order which created a temporary guardianship over Relator's estate." The temporary guardianship proceeding was initiated by Ray G. Kauffman. We deny the petition for several reasons.

First, the order in question pertains to the appointment of a temporary guardian and the appointment of Ray G. Kauffman as that guardian. The appointment expired on June 1, 2015. The latter date has lapsed. Furthermore, Ray G. Kauffman moved to nonsuit the application for temporary guardianship. *See In re Bennett*, 960 S.W.2d 35, 38 (Tex.1997) (stating that a nonsuit is effective when it is filed, and a trial court has no

discretion to refuse to dismiss the proceeding.). Given that nothing of record indicates that Kauffman intends or desires that his appointment continue after June 1, it appears that the proceeding, and dispute before us, is moot.

Second, and most importantly, an appellate court's jurisdiction to issue a writ of mandamus is not plenary. Indeed, it is limited and defined in § 22.221 of the Texas Government Code. *In re Hettler*, 110 S.W.3d 152, 154 (Tex. App.—Amarillo 2003, orig. proceeding). Per § 22.221, we can act 1) when necessary to enforce our jurisdiction or 2) in cases where relief is sought against a district or county court judge within our appellate court district. TEX. GOV'T CODE ANN. § 22.221(a) & (b) (West 2004); *In re Hettler*, 110 S.W.3d at 154. Implicit in that statutory limitation is the obligation or requirement for the individual seeking relief to direct his petition against a jurist within the penumbra established by § 22.221(b).[1]

A petition for writ of mandamus is not an appeal. It does not allow us to simply reverse some judgment or order entered by a trial court; rather, our authority involves determining whether to direct the trial court to render the order or decision it should have rendered. *See In re Continental Ins. Co.*, 994 S.W.2d 423, 427 (Tex. App.—Waco 1999, orig. proceeding) (stating that "[g]iven the posture of this mandamus proceeding, we have no authority to reverse the decision of the trial court and require him to hold another hearing. It is our duty to require, by mandamus if necessary, the trial court to render the order he should have rendered based on the record before the trial court at that time."). So, a judge must be named as the subject at which relief may be directed.

---

[1] The obligation to name a jurist does not arise when issuance of a writ of mandamus is necessary to protect our jurisdiction

Here, the relator did not direct his petition against any judge. Nor did he pray for us to issue a writ requiring any judge to enter the order it should have entered. Instead, he merely asks us to void an order as if this was an appeal. In failing to name any jurist as the subject against whom a writ will issue, the relator's petition is defective.

We deny the petition for writ of mandamus.


Brian Quinn
Chief Justice