

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00174-CR
_____

IN RE SCOTT XXXX, RELATOR

OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS

June 29, 2022

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

"Scott XXXX, Attornatus Privatus" (i.e., Scott Odam) again petitions this Court for a writ of mandamus. This time, he prays we direct respondent, the Honorable Ana E. Estevez, siting in her capacity as Presiding Judge of the Ninth Judicial Administrative region, to rule on various motions and act on various declarations he filed. Those motions and declarations concern Judge Estevez's appointment of a particular retired judge to preside over matters tangential to a pending criminal prosecution against XXXX. Apparently, he wants the appointment rescinded. We deny the petition.

Our jurisdiction to issue a writ of mandamus is limited by statute. *See* TEX. GOV'T CODE ANN. § 22.221(a)–(b). Generally, we may only issue one against a district or county

judge or as necessary to enforce the jurisdiction of the court. *Id.* Nothing in XXXX's petition suggests the issuance of the requested writ relates to our jurisdiction over a pending cause.

Though we judicially notice that the Honorable Ana E. Estevez presides over the 251st District Court of Potter and Randall Counties, XXXX's writ is not directed at her in that capacity. Instead, his effort at obtaining relief implicates her capacity as the Presiding Judge of the Ninth Administrative Judicial Region. Based on the representations in and attachments to the petition, Judge Estevez has not been asked to rule on XXXX's various motions in her capacity as a district judge but, rather, as the presiding regional administrative judge for the Ninth Administrative Region. We lack authority to issue a writ of mandamus against a judge acting in that capacity. *See In re Hettler*, 110 S.W.3d 152, 154 (Tex. App.—Amarillo 2003, orig. proceeding); *accord In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding) (concluding that the court "lack[ed] mandamus jurisdiction against a regional presiding judge").

The petition for writ of mandamus is denied.

Brian Quinn
Chief Justice

Do not publish.

2