

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00103-CR

---

IN RE JOE MARR WILSON, RELATOR

---

ORIGINAL PROCEEDING

---

March 26, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

On March 25, 2024, Relator Joe Marr Wilson filed his petition for writ of mandamus with this Court seeking our issuance of a writ of mandamus finding that Respondent, the Honorable Ana E. Estevez, in her capacity as Presiding Judge of the Ninth Administrative Judicial Region, abused her discretion by affirming the trial court's order, which paid only part of Relator's requested attorney's fees in relation to his appellate representation in *Stanberry v. State*, No. 07-23-00194-CR, 2024 Tex. App. LEXIS 1066 (Tex. App.—Amarillo Feb. 9, 2024, no pet. h.) (mem. op., not designated for publication). We dismiss the petition for want of jurisdiction.

Our jurisdiction to issue mandamus is limited by statute.  *See* TEX. GOV'T CODE ANN. § 22.221(a), (b).  Generally, we may only issue writs of mandamus against a district or county judge in our judicial district or when necessary to enforce our jurisdiction.  *Id.* Nothing in Relator's petition suggests the issuance of the requested writ relates to our jurisdiction over a pending cause.

While we judicially notice that the Honorable Ana E. Estevez presides over the 251st District Court of Potter and Randall Counties, Relator's writ is not directed at her in that capacity.  Instead, his petition explicitly seeks relief against her actions taken in her capacity as the Presiding Judge of the Ninth Administrative Judicial Region.  It is clear from Relator's petition that he does not challenge her rulings in her capacity as a district judge but, rather, as the presiding regional administrative judge for the Ninth Administrative Region.  We lack authority to issue a writ of mandamus against a judge acting in that capacity.  *See In re Hettler*, 110 S.W.3d 152, 154 (Tex. App.—Amarillo 2003, orig. proceeding); *accord In re Cook*, 394 S.W.3d 668, 671 (Tex. App.—Tyler 2012, orig. proceeding) (concluding that the court "lack[ed] mandamus jurisdiction against a regional presiding judge").

Because we lack authority to grant the relief sought by Relator, we dismiss his petition for writ of mandamus, expressing no opinion on the merits.

Judy C. Parker
Justice

Do not publish.

2