**Opinion issued December 11, 2025**



In The

# Court of Appeals

For The

# First District of Texas

―――――――――――

**NO. 01-25-01008-CV**

―――――――――――

**IN RE TARA MARIE THOMAS, Relator**

**Original Proceeding on Petition for Writ of Mandamus**

## MEMORANDUM OPINION

Relator, Tara Marie Thomas, proceeding pro se, filed a petition for writ of mandamus challenging the denial of her motion to recuse the Honorable Sandra Peake, the presiding judge of the 257th District Court of Harris County, Texas.[1] Relator alleged that Susan Brown, the regional presiding judge for the Eleventh

―――――――――――――――――

[1] The underlying case is *In the Interest of B.C.T. and L.K.T., Children*, Cause No. 2016-88084, in the 257th District Court of Harris County, Texas, the Honorable Sandra Peake presiding.

Administrative Judicial Region of Texas, abused her discretion by refusing to hold a hearing on the motion to recuse. Relator's petition for writ of mandamus requested that the Court grant her petition and issue a writ of mandamus "directing the Regional Presiding Judge to vacate the order denying recusal," to "[o]rder Respondent Judge Sandra J. Peake recused, or alternatively, remand for a Rule 18a hearing," and to "[s]tay all proceedings in Cause No. 2016-88084."

We conclude that relator has failed to establish she is entitled to mandamus relief and therefore the Court denies relator's petition for writ of mandamus. *See* TEX. R. CIV. P. 18a(j) ("An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment."); *see also* TEX. GOV'T CODE ANN. § 22.221(a), (b), (c); *In re Gonzalez*, No. 13-25-00421-CV, 2025 WL 2461675, at *1 (Tex. App.—Corpus Christi–Edinburg Aug. 26, 2025, orig. proceeding) (mem. op.) ("Our mandamus jurisdiction does not extend to the presiding regional administrative judge."); *In re Hettler*, 110 S.W.3d 152, 154–55 (Tex. App.—Amarillo 2003, orig. proceeding) (concluding intermediate appellate courts lack jurisdiction to consider petition for writ of mandamus against regional presiding judge because "a specific grant of such authority would be required" by legislature). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Gunn and Johnson.

2